# ANDRUS v. ST. LOUIS SMELTING AND REFINING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 260.   Submitted April 17, 1889. — Decided May 13, 1889.

A purchaser of land, taking a conveyance from the vendor, with a covenant for peaceable possession, cannot maintain an action for its rental value from the date of conveyance until placed in actual possession, in consequence of being kept out by a trespasser: since he might have required the delivery of such possession to accompany the conveyance and the payment of the purchase money.

On the 27th of March, 1879, the plaintiff below, a citizen of Colorado, purchased for the consideration of $875 a lot or parcel of land in the town of Leadville, Colorado, described in the complaint, and took a conveyance of it from the defendant, the St. Louis Smelting and Refining Company, a corporation created under the laws of Missouri. The deed of conveyance contained covenants that the defendant was seized of an estate in fee simple of the premises; that they were clear of all liens and encumbrances; and that it would warrant and defend the grantee in their peaceable possession against all persons lawfully claiming the same or any part thereof.

The complaint alleged, with much repetition and unnecessary verbiage, that prior to the purchase of the land, and pending negotiations for it, the officers, agents and attorneys of the defendant represented to him that the company had secured the actual possession of the premises and obtained a release from all other parties claiming or pretending to claim the right of possession; that it would execute to him a good and sufficient warranty deed containing all the usual covenants, including one for quiet and peaceable possession; and assured him that if he would purchase and pay for the premises it could and would deliver to him immediate possession; that at that time there was a great rush of people to the town of Leadville on account of the report of rich mineral discoveries

in its immediate neighborhood; that there was a great struggle to secure possession of lots and business houses in the town; that there were many conflicting titles and claims to their possession; that amidst the general confusion and struggle and conflicting claims, the plaintiff was unable, after making due inquiry, and using all the diligence in his power, to find out whether the statements of the officers, agents and attorneys of the defendant were true or false; that, therefore, relying upon their truth, and believing that they were made in good faith, he paid the $875 and took the deed of conveyance; that before and at the time he purchased, the defendant represented that it had received a patent from the government of the United States for the premises as well as for a large number of other lots in the town, that no opposition would be made to its right of possession, and that no trouble would, therefore, occur, either in regard to the title or the possession of the premises; that these statements and assurances as to the defendant being able to put the plaintiff into immediate possession, and to having obtained a release from all parties who claimed an adverse title and right to the possession of the premises, and that it would put him into immediate possession, were false and fraudulent, and were made by the agents, officers and attorneys of the defendant to deceive and defraud the plaintiff out of the money paid, knowing at the time that the defendant could not put him in possession of the premises; that when he attempted to enter upon them after his purchase he found that one Sarah Ray was in actual possession, claiming the same by virtue of prior possession and occupation on the public domain of the United States, under a town-site right, and refused to surrender them to him; that soon afterwards the company commenced an action of ejectment against her to recover the possession of the premises, but did not succeed in ejecting her and her tenants before the 22d of February, 1883, until which time the plaintiff was kept out of possession; and that during this period the rent of the premises was worth $400 a month, amounting, during the period mentioned, to $18,733, all of which the plaintiff alleged he lost by the fraud and deceit practised upon him by the

defendant, besides the interest thereon. He therefore prayed judgment thereon for $20,000 and costs.

To this complaint the defendant demurred on the following grounds:

1. That the complaint did not set forth facts sufficient to constitute a cause of action.

2. That several pretended causes of action had been improperly united therein, to wit:

(*a*) A pretended cause of action for breach of a parol contract to put the plaintiff in possession of the land described;

(*b*) For breach of the covenant of quiet enjoyment contained in the plaintiff's deed;

(*c*) For deceit; and that these several causes of action had been improperly blended in one statement.

3. That the complaint was ambiguous, unintelligible and uncertain, in this, that it did not appear how the plaintiff was misled or deceived by the pretended representations stated in the complaint.

The record also disclosed what was called a "substituted demurrer," specifying various particulars in which the complaint was alleged to be unintelligible and uncertain, but as counsel of both parties gave the demurrer above as the one on which the court below passed, it was so considered here. The court below sustained the demurrer, holding "that the complaint and the matters and things therein alleged were not sufficient in law for the said defendant to answer unto." The plaintiff thereupon stating that he would abide by his complaint, it was adjudged that the cause be dismissed with costs. To review this judgment the case was brought to this court.

*Mr. T. A. Green,* for plaintiff in error, cited: *Upton* v. *Vail,* 6 Johns. 181; *S. C.* 5 Am. Dec. 210; *Barney* v. *Dewey,* 13 Johns. 225; *S. C.* 7 Am. Dec. 372; *Morgan* v. *Bliss,* 2 Mass. 111; *Jones* v. *Emery,* 40 N. H. 348; *Monell* v. *Colden,* 13 Johns. 395; *S. C.* 7 Am. Dec. 390; *Clark* v. *Baird,* 9 N. Y. 183; *Phillips* v. *Bush,* 15 Iowa, 64; *Johnson* v. *McDaniel,* 15 Arkansas, 109; *Fowler* v. *Abrams,* 3 E. D. Smith (N. Y.) 1; *Huston* v. *Plato,* 3 Colorado, 402; *Salem India Rubber Co.* v. *Adams,*

23 Pick. 256; *Norton* v. *Doherty*, 3 Gray, 372; *S. C.* 73 Am. Dec. 578 ; *Ruff* v. *Jarrett*, 94 Illinois, 475 ; *Cravins* v. *Grant*, 4 T. B. Mon. 126; *Pritchett* v. *Munroe*, 22 Alabama, 501 ; *Harlow* v. *Green*, 34 Vermont, 379; *Osborne* v. *Fuller*, 14 Connecticut, 529 ; *Vincent* v. *Leland*, 100 Mass. 432; *Eames* v. *Morgan*, 37 Illinois, 260; *Applebee* v. *Rumrey*, 28 Illinois, 280 ; *Caldwell* v. *Kirkpatrick*, 6 Alabama, 60 ; *S. C.* 41 Am. Dec. 36.

*Mr. Charles E. Gast*, for defendant in error, cited: *Gardner* v. *Keteltas*, 3 Hill, 330; *S. C.* 38 Am. Dec. 637 ; *Dudley* v. *Folliott*, 3 T. R. 584; *Hayes* v. *Bickerstaff*, Vaughn, 118 ; *Grannis* v. *Clark*, 8 Cowen, 36 ; *Beebe* v. *Swartwout*, 3 Gilman, 162 ; *Spear* v. *Allison*, 20 Penn. St. 200 ; *Peabody* v. *Phelps*, 9 California, 213.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

As appears by the above statement, the gist of the action is the alleged deceit practised upon the plaintiff by the agents, attorneys and officers of the company to induce him to purchase from it a lot in Leadville, by representing that it had obtained a release of the right of all claimants to the land, and could put him into immediate possession; whereas, upon attempting to enter upon the land purchased, he found another in possession, who refused to surrender it, and thus he was kept out of possession from the time of his purchase, March 27, 1879, to February 22, 1883, during which period he lost its rental value.

To this ground of complaint there are two obvious answers. In the first place, the plaintiff could have required the delivery of the possession of the land to accompany the payment of the money. The lot being in the town might have been readily reached, when the ability of the company to give possession could have been at once determined. The plaintiff alleges that he used all diligence in his power to find out whether the representations of the officers, agents and attorneys of the company were true or false, but the inspection of the premises, the most natural and obvious mode of ascertaining

whether they were occupied by another, does not seem to have been resorted to. The law does not afford relief to one who suffers by not using the ordinary means of information, whether his neglect be attributable to indifference or credulity, nor will industrious activity in other directions, to the neglect of such means, be of any avail.

Besides, it does not appear at what time the party in possession entered upon the land. The complaint only alleges that when — the time not being stated — the plaintiff attempted to take possession, he found another person there, who, for aught that appears, may have gone on the land after the execution and delivery of the deed. There was at the time, according to the allegations of the complaint, a great struggle to obtain possession of lots among the crowd of persons pressing to the town owing to the report of rich gold discoveries within its immediate neighborhood. The claim of right to the land advanced by the occupant was founded only upon her alleged prior possession of it as a part of the public domain of the United States, a claim which would seem, from the result of the ejectment suit against her brought by the company, to have been entirely worthless. The complaint alleges that the defendant represented that it had received a patent from the government of the United States for the premises, as well as for a large number of other lots in the town, and contains no averment that this representation was untrue. It may therefore be fairly presumed, that upon the title thus conferred, the company subsequently evicted the intruder. The possession of a patent of the United States would have justified all the representations alleged, as to title and right of possession, and the purchaser might have called for an inspection of that document if doubtful of the statements of the agents and officers of the vendor.

In the second place, the covenant in the deed for quiet possession merged all previous representations as to the possession, and limited the liability growing out of them. Those representations were to a great extent, if not entirely, mere expressions of confidence in the company's title, and the right of possession which followed it, against all intruders. The

covenant was an affirmance of those statements in a form admitting of no misunderstanding. It was the ultimate assurance given upon which the plaintiff could rely, a guarantee against disturbance by a superior title. That covenant has not been broken. It is a covenant against disturbance by "persons lawfully claiming" the premises or any part thereof. If the occupant holds by a paramount title, and thus lawfully excludes the purchaser from possession, the covenant is broken. But it is not broken by a tortious disturbance. If the occupation is without right, the remedy of the purchaser is to dispossess the intruder. His occupation does not constitute a breach of the covenant. *Beebe* v. *Swartwout*, 3 Gilman, 162, 179; *Kelly* v. *The Dutch Church of Schenectady*, 2 Hill, 105, 111.

False and fraudulent representations upon the sale of real property may undoubtedly be ground for an action for damages, when the representations relate to some matter collateral to the title of the property and the right of possession which follows its acquisition, such as the location, quantity, quality and condition of the land, the privileges connected with it, or the rents and profits derived therefrom. *Lysney* v. *Selby*, 2 Ld. Raym. 1118; *Dobell* v. *Stevens*, 3 B. & C. 623; *Monell* v. *Colden*, 13 Johns. 395; *Sanford* v. *Handy*, 23 Wend. 260; *Van Epps* v. *Harrison*, 5 Hill, 63. Such representations by the vendor as to his having title to the premises sold may also be the ground of action where he is not in possession, and has neither color nor claim of title under any instrument purporting to convey the premises, or any judgment establishing his right to them. Thus in *Wardell* v. *Fosdick*, 13 Johns. 325, an action for deceit was sustained against the vendor of land which had no actual existence, the court holding that in such case the purchaser might treat the deed as a nullity. The land not being in existence there could be no possession, and of course no eviction, and consequently no remedy upon the covenants, and the purchaser would be remediless if he could not maintain the action. But where the vendor, holding in good faith under an instrument purporting to transfer the premises to him, or under a judicial determination of a claim to them in his favor,

executes a conveyance to the purchaser, with a warranty of title and a covenant for peaceable possession, his previous representations as to the validity of his title, or the right of possession which it gives, are regarded, however highly colored, as mere expressions of confidence in his title, and are merged in the warranty and covenant, which determine the extent of his liability.

*Judgment affirmed.*