[Civil No. 317.   Filed January 16, 1892.]

[28 Pac. 880.]

JOHN BIANCONI, Plaintiff and Appellant, v. PARLEY SMITH, Defendant and Appellee.

1. FRAUD—FALSE REPRESENTATIONS AS TO TITLE—PLEADING—FAILURE TO STATE CAUSE OF ACTION.—Where it appears from the complaint that the fraud alleged to have been practiced upon the vendee related solely to the title of the property sold to him, and there is no allegation that the false representation made by the vendor was to any matter peculiarly within his knowledge, and that the vendee has been guilty of gross carelessness in failing to investigate the title and right of possession, and in failing to demand a warranty deed a demurrer to the complaint is properly sustained.

2. SAME — REAL PROPERTY — SALES — FRAUDULENT REPRESENTATION— WHEN ACTIONABLE.—A vendee may maintain an action for damages against his vendor, upon a sale of real property, upon the ground of false and fraudulent representations, when they relate to some matter collateral to the title and right of possession, or relate to some matter connected with the title peculiarly within the knowledge of the vendor, and not otherwise.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Henry C. Gooding, Judge.   Affirmed.

The facts are stated in the opinion.

Baldwin & Johnston, for Appellant.

"That the purchaser of real estate may maintain an action to recover damages of his grantor, even when he takes a quit-claim or other deed without covenants upon such purchase, when he has been induced to make the purchase by means

of fraudulent representations made by the grantor for the purpose of inducing him to purchase, and when the purchaser relies upon such fraudulent representations, is well settled by authorities. It is not the character or kind of property sold and purchased which gives the purchaser a right of action against the vendor for practicing a fraud upon the vendee in effecting a sale. It is the fraud of the vendor, and not the kind of property sold, which is the foundation of the action. Nor does the fact that the grantor refused to give a deed with covenants relieve him from his liability for fraud." *Tyner* v. *Cotter,* 67 Wis. 488; *Haight* v. *Hoyt,* 19 N. Y. 465; *Whitney* v. *Allaire,* 1 N. Y. 308; *McClellan* v. *Scott,* 24 Wis. 87; *Parks* v. *Burbank,* 58 Iowa, 707, 12 N. W. 729; *Starkweather* v. *Benjamin,* 32 Mich. 306; *Lloyd* v. *Quimby,* 5 Ohio St. 265.

"It is not now claimed that the fact that the mortgage was recorded was of any importance. Where positive representations are made concerning a title for fraudulent purposes, and are relied on, it can hardly be insisted that what would be merely constructive notice in the absence of such declarations, will prevent a person from having the right to rely on statements which, if true, would render a search unnecessary." *Weber* v. *Weber,* 47 Mich. 571, 11 N. W. 389; *Stewart* v. *Drake,* 9 N. J. L. 143; *Miller* v. *Halsey,* 14 N. J. L. 48; *Chapel* v. *Bull,* 17 Mass. 221; *Norton* v. *Babcock,* 43 Mass. 510; *Mead* v. *Bunn,* 32 N. Y. 279; *George* v. *Taylor,* 55 Tex. 97; *Jackson* v. *Armstrong,* 50 Mich. 65, 14 N. W. 702.

The appellee contends that inasmuch as the deed was a mere quitclaim, the appellant was not a *bona fide* purchaser; that the quitclaim character of the deed should have warned the appellant into suspicion and vigilance, and that the doctrine of *caveat emptor* applies to the transaction. When the grantor induces the grantee by falsehood to accept a quitclaim deed, there is no rule of law or equity which will relieve him of liability for his fraud. *Ballou* v. *Lucas,* 59 Iowa, 22, 12 N. W. 745.

Herndon & Hawkins, and John Howard, for Appellee.

The allegation of fraud in the complaint is insufficient. It simply charges a conclusion without setting up any facts or circumstances showing fraud.

The alleged fraud is in regard to a matter of law. The allegation as to fraud relates wholly and entirely to the question of title. Where the alleged fraud relates entirely to the question of title, where one has a title or color of title, it is insufficient to sustain a recovery.

The allegation, showing that plaintiff took only a quitclaim deed, is sufficient to show that he was not an innocent purchaser in the eyes of the law, but assumed to take upon himself all the defects or infirmities of the title.

"False and fraudulent representations upon the sale of real property may undoubtedly be ground for an action for damages when the representation relates to some matter collateral to the title of the property and the right of possession which follows its acquisition, such as the location, quantity, quality, and condition of the land, the privileges connected with it or the rents and profits derived therefrom. Such representation by the vendor as to his having title to the premises sold, may also be ground of action when he is not in possession and had neither color nor claim of title under any instrument purporting to convey the premises, or any judgment establishing his right to them." *Andrus* v. *St. Louis Smelting Co.,* 130 U. S. 648, 9 Sup. Ct. Rep. 645.

An action cannot be maintained for alleged false representations pertaining solely to the naked fact of title. *Andrus* v. *Smelting Co.,* 130 U. S. 648, 9 Sup. Ct. Rep. 645; *Peabody* v. *Phelps,* 9 Cal. 227.

Statements of opinions do not constitute fraud. *Rendell* v. *Scott,* 70 Cal. 514, 11 Pac. 779; Kerr on Fraud and Mistake, p. 83; *Buckner* v. *Street,* 15 Fed. 368.

The complaint further shows that plaintiff knew that John White was in possession, claiming to own the premises, and under this state of facts took a quitclaim deed from the defendant. Plaintiff was not therefore a *bona fide* purchaser without notice. *Dickerson* v. *Colgrove,* 100 U. S. 578; *May* v. *Le Claire,* 11 Wall. 217; *Oliver* v. *Piatt,* 3 How. 333; *Johnston* v. *Williams,* 14 Pac. 537.

SLOAN, J.—This is a suit to recover damages for an alleged false and fraudulent representation in regard to the title to certain real property sold and conveyed to appellant

by appellee.  The complaint reads as follows: " (1) That the said plaintiff and defendant are residents of said county and territory.  (2) That on the nineteenth day of November, 1889, at the town of Prescott, in said county and territory, the said defendant, for and in consideration of the sum of fifteen hundred dollars to him cash in hand paid by this plaintiff, did make, execute, and deliver to this plaintiff a certain deed of conveyance, wherein and whereby, for and in consideration of the said sum paid by this plaintiff as aforesaid, the said defendant did pretend to demise, release, and forever quit-claim to this plaintiff, and to sell and convey to this plaintiff, a certain piece or parcel of land, with the tenements and appurtenances thereto belonging, a copy of which said deed is hereto annexed, marked 'Exhibit A,' and made a part of this complaint.  (3) That before and at the time of the making, execution, and delivery of said deed by said defendant, and before and at the time of the payment of the said sum of fifteen hundred dollars by this plaintiff to said defendant, as aforesaid, the said defendant did, with the intent to cheat and defraud this plaintiff of said sum of money, falsely and fraudulently represent and say to this plaintiff that he, the said defendant, had then and there an absolutely valid and perfect title to the said land, and could and would by said deed, for said consideration, convey said absolutely valid and perfect title to this plaintiff.  (4) That this plaintiff, relying implicitly upon and with perfect confidence in the truth and integrity of said representation, sought and received no further knowledge or information touching the sufficiency of the said defendant's title to the said land; but, being induced by his belief in the truth of said representation, and relying solely and wholly thereon, he was induced to pay said sum as aforesaid, and to receive said deed as aforesaid.  (5) That said defendant at said time had no title whatever to said land, nor had he before or since said time any title whatever thereto, except a certain void tax-deed, of which defendant did not inform plaintiff, and of which plaintiff had no knowledge whatever at said time, all of which defendant well knew.  (6) That said representations were and are false and fraudulent.  (7) That one John White was at said time, ever since has been, and now is the owner in fee-simple of said

land, and the tenements, hereditaments, and appurtenances thereto belonging, and in the lawful possession thereof, as the said defendant well knew. (8) That on the twenty-fourth day of February, 1890, this plaintiff began an action in said court to try his title to the said land as against, and to recover the possession thereof from, the said John White; but such proceedings were thereupon had therein that on the fifteenth day of March, 1890, by a judgment of said court the said John White was adjudged to be the true and lawful owner of said land, and entitled to the possession thereof, and that the title derived by this plaintiff, as aforesaid, from said defendant, to said land, was utterly void and of no effect. (9) That said action is wholly concluded and terminated. (10) That by reason of the premises this plaintiff has been damaged in the sum of fifteen hundred dollars, and interest thereon at the rate of seven per cent per annum from the nineteenth day of November, 1889, till a recovery of said fifteen hundred dollars. Wherefore plaintiff prays judgment against said defendant for the sum of fifteen hundred dollars, with interest thereon as aforesaid, and for costs.'' The appellee demurred to this complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and appellant appeals from this ruling.

From the complaint it appears that the fraud, if any, which was practiced upon appellant, related solely to the title of the property sold and conveyed to him by appellee. It is not alleged that the false representation made by appellee was to any matter within his peculiar knowledge or possession. On the contrary, the allegation of the complaint is that such title as appellee had was derived from a tax-deed to the property, and that at the time of the conveyance to appellant one White was in possession of the property, claiming it as his own. It is to be presumed that this tax-deed was of record at the time of purchase, and that any fact or facts which void its effect as a conveyance could have been ascertained by appellant by an inspection of the record of the proceedings which preceded its execution by the proper officer. From anything which appears to the contrary in the complaint, appellant might also have easily ascertained by simple inquiry that

appellee was not in the possession of the property, and thus have been put upon his guard. Common, ordinary business prudence would have suggested some investigation as to the source of appellee's title, and some inquiry as to who was in possession, before purchasing the property; and appellant's neglect of these indicated either gross carelessness or a degree of credulity not usually exhibited by men of ordinary experience. Had some act of deceit or fraudulent concealment been alleged, other than the mere assertion of appellee that he had a good and perfect title to the property, which induced appellant to forego an investigation as to the title and the possession of the property, the case might have presented a different aspect, and its merits be more apparent. Not only was gross carelessness and lack of prudence shown by appellant in failing to make any investigation into appellee's title and his right of possession, but also in his failure to protect himself by a deed containing warranty of title. The facilities for obtaining information relative to this title and right of possession were open to appellant, from anything which appears to the contrary from the complaint; and, besides, he could have demanded and required such a conveyance as would have protected him from a failure of title. Will, then, relief, upon the ground of false and fraudulent representation, be granted a vendee, from the consequences of his folly in trusting implicitly in the naked assertions of his vendor that he has a good title, and in taking without investigation a conveyance without warranty? We think not. To use the language of Chancellor Kent in *Clark* v. *Baird,* 7 Barb. 66: ''The common law affords to every one reasonable protection against fraud in dealing; but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or careless indifference to the ordinary and accessible means of information.'' From an examination of the authorities, we deduce the following as the true rule in such cases: A vendee may maintain an action for damages against his vendor, upon a sale of real property, upon the ground of false and fraudulent representations, when they relate to some matter collateral to the title and the right of possession, or relate to some matter connected with the title within the peculiar knowledge of the vendor, and not other-

wise. *Andrus* v. *Smelting Co.*, 130 U. S. 645, 9 Sup. Ct. Rep. 645; *Peabody* v. *Phelps*, 9 Cal. 213; 2 Kent's Commentaries, 285, 484. For the reasons stated, the judgment of the court below in sustaining the demurrer and dismissing the action is affirmed.

Kibbey, J., concurring. Gooding, C. J., not sitting.