## WILLIAMS v. HUME.

[No. 12,081. Filed November 6, 1925.]

1. FRAUD.—*Party making false statement for purpose of inducing another to act, liable for fraud though believing statement to be true.*—One who makes an unqualified false statement of material facts for the purpose of inducing another to act on it, and, in reliance on said statement, the latter does act on it, is guilty of fraud for which he is liable although he believed the statement to be true at the time he made it. p. 611.

2. FRAUD.—*False representations of acreage of farm and as to location on river, being collateral to title, were not merged in warranty deed therefor, but damages could be recovered in action of fraud.*—False representations as to the amount of acreage of a farm and as to the location thereof in reference to a certain river, made to a prospective purchaser of the farm, being material representations as to matters collateral to the title, were not merged in a warranty deed therefor, and purchaser was not limited to an action on the covenants of warranty, but could sue for fraud. p. 612.

3. FRAUD.—*False and fraudulent representations on sale of real property when collateral to the title may be ground for an action for fraud.*—False and fraudulent representations on the sale of real property may be ground for an action for damages when the representations relate to some matter collateral to the title to the property and the right of possession which follows its acquisition, such as the location, quantity, quality and condition of the land. p. 612.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Victor G. Williams against Frank L. Hume, in which the latter filed a counterclaim for fraud. From a judgment for defendant on his counterclaim, the plaintiff appeals. *Affirmed.* By the first division.

*Victor K. Roberts* and *George E. Hershman,* for appellant.

*Frank B. Pattee* and *Herbert T. Johnson,* for appellee.

REMY, C. J.—This action was commenced by appellant against appellee to recover amount alleged to be due on a promissory note given by appellee as part consideration of a contract for exchange of real estate. In addition to an answer in denial, appellee filed a counterclaim for damages for alleged fraudulent representations as to the number of acres and the boundaries of the land conveyed by appellant in making the exchange. On the trial, the court, at appellant's request, found the facts specially, stated its conclusions of law to the effect that appellee was entitled to recover on his counterclaim the sum of $1,591.44, and rendered judgment accordingly.

The only question presented by this appeal is that the court erred in its conclusions of law.

Facts found by the court are in substance: On January 7, 1923, appellee was the owner of certain real estate in the city of Chicago, and appellant the owner of a farm of 140.5 acres located in Lake county, Indi-

ana, on which date two agents representing appellee accompanied appellant to his farm for the purpose of making an inspection thereof; that 18.43 acres of appellant's farm lay south of a certain ditch; that on the day named appellant with the agents of appellee went upon the land, and along certain of its boundaries, and believing that the 18.43 acres south of the ditch was in addition to the 140.5 acres named in his deed as the size of the farm, appellant represented to the agents of appellee that the farm, as shown by a recent survey, actually consisted of 158 acres, though described in the deed by which the land had been conveyed to him as "140.5 acres more or less"; that appellant, at the time, also represented to appellee's agents that the farm had a frontage of one-third of a mile on the new channel of the Kankakee river; that in truth and in fact the farm, including the 18.43 acres, consisted of 140.5 acres and no more, and had no frontage whatever on the new channel of the river; that the representations as to the number of acres and the river frontage were false, and were made by appellant to the agents of appellee with the intention that appellee act thereon; that at the time appellant made the representations, he believed them to be true, though by the exercise of reasonable care he might have learned of their falsity; that appellee did not know that the representations were false, but believed them to be true, and, in exchanging his real estate for appellant's, relied upon the representations as statements of fact; that on January 8, 1923, a contract was entered into between appellant and appellee for the exchange of their respective properties, the contract having been made by appellee in reliance upon the representations made by appellant to appellee's agents, and by them reported to appellee; that the contract referred to appellant's land as 158 acres, more or less, with a front-

age of about one-third of a mile on the Kankakee river; that on February 17, 1923, pursuant to the contract, the parties completed the deal by exchanging deeds of conveyance, and appellant's deed, like the contract, contained a recital that the farm consisted of 158 acres, more or less, and bordered on the Kankakee for a distance of about one-third of a mile; that had the farm consisted of 158 acres, and had it been located as represented, it would have been more valuable; and that the misrepresentations of appellant "worked a fraud" upon appellee, by reason of which he was damaged in the sum of $5,838.75; that the amount of the note sued on, including attorney's fees, is $4,247.31; and that the difference between these sums is $1,591.44.

It is expressly contended by appellant that the facts found by the trial court do not constitute actionable fraud, for the reason that there is a finding that at the time the representations were made, appellant believed the same to be true. We do not concur in this view. Not only did the court find that appellant believed that his representations as to the acreage and the location of the farm were correct statements of fact, but the court also found that the representations were false; that appellant, by the exercise of reasonable care, might have learned of their falsity; that they were made with the intention that appellee act thereon; and that in reliance upon the truth of the representations made by appellant, the real estate exchange was consummated. Whatever may be the law in other jurisdictions, it is well settled in this state that if a party, for the purpose of inducing another to act upon it, makes an unqualified statement as to material facts susceptible of knowledge, which statement turns out to be false, the statement thus made will have the force and effect of positive fraud, and will render the party making the same liable, in an action for deceit, to

the party who contracts in reliance upon the truth of the statement. *Frenzel* v. *Miller* (1871), 37 Ind. 1, 10 Am. Rep. 62; *Brooks* v. *Riding* (1874), 46 Ind. 15, 18; *Krewson* v. *Cloud* (1873), 45 Ind. 273; *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 377, 107 N. E. 81; *Maywood Stock, etc., Co.* v. *Pratt* (1915), 60 Ind. App. 131, 110 N. E. 243. As stated by the Supreme Court, in an opinion by Elliott J., *Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280, 22 N. E. 139: "A defendant who makes a statement of his own knowledge cannot escape liability upon the ground that he acted upon trustworthy information. An unqualified statement that a fact exists, made for the purpose of inducing another to act upon it, implies that the person who makes it knows it to exist, and speaks from his own knowledge. If the fact does not exist, and the defendant states of his own knowledge that it does, and induces another to act upon his statement, the law will impute to him a fraudulent purpose." We hold that the facts found by the trial court are sufficient to constitute actionable fraud.

It is next urged by appellant that the representations made by him were, at the consummation of the transaction, merged in the warranty deed, and that appellee's remedy, if any, is limited to a suit 2, 3. on the covenants of warranty. If appellant is right in this statement, appellee has no adequate remedy, for an examination of the deed reveals that it is a warranty deed in the usual form, and that it contains no warranty that the farm contains more than 140.5 acres, and no warranty that it borders on the new channel of the Kankakee for a third of a mile. Appellee's rights, however, are not limited to a suit on the covenants of warranty. This is not a suit where the representations were as to the vendor's title. The representations of appellant were as to matters collateral to the title of the real estate. In such a case,

the United States Supreme Court, in *Andrus* v. *St. Louis Smelting, etc., Co.* (1889), 130 U. S. 643, 9 Sup. Ct. 645, 32 L. Ed. 1054, correctly states the law to be: "False and fraudulent representations upon the sale of real property may undoubtedly be ground for an action for damages, when the representations relate to some matter collateral to the title of the property and the right of possession which follows its acquisition, such as the location, quantity, quality and condition of the land." To the same effect, see *Bianconi* v. *Smith* (1892), 3 Ariz. 320, 28 Pac. 880.

Affirmed.