[Civil No. 2518.   Filed April 11, 1927.]

[255 Pac. 164.]

MAGGIE YOUNG MOORE and A. J. MOORE, Appellants, v. JAMES MEYERS, Operating Under the Firm Name of MEYERS INVESTMENT COMPANY, and J. R. JOHNSON NATIONAL SURETY COMPANY, a Corporation, and E. HICKMAN, Appellees.

For original opinion, see *ante*, p. 347, 253 Pac. 626.

Mr. T. E. Allyn, for Appellants.

Mr. John W. Ray, for Appellees.

LOCKWOOD, J.—In the original opinion in this case we held that there was evidence to go to the jury in support of plaintiffs' allegations of fraud, but that the latter were estopped from maintaining their action for the reason that, with full knowledge of the facts, they had accepted one hundred dollars of the forfeit money put up on the Chenault contract. We have re-examined the record in the light of plaintiffs' motion for rehearing, and are still satisfied the rules of law laid down by us in the original opinion are correct. There is a matter, however, not brought out in any of the briefs or on the oral argument, and which escaped our attention when the original opinion was written, that is vital to the ultimate determination of the case.

We are convinced, after reviewing all the evidence in the case, that, if we accept as true that which supports plaintiffs' theory, the $200 forfeit money deposited by Bryant on the Chenault contract was as a matter of equity plaintiffs' own money. They had agreed to pay Bryant $5,000 for the property if it could be resold at the same price. In order to

secure an agreement of resale to Chenault which on its face complied with the conditions laid down by plaintiffs, although in reality Chenault was to pay only $4,800, Bryant advanced the $200 deposited on that contract, and was reimbursed when plaintiffs paid him the $5,000 which they believed was the true resale price. This was in effect a sale by Bryant of the property to them for $4,800; the remaining $200 paid by plaintiffs being used by defendants in perpetrating the fraud. As a matter of law, if plaintiffs' theory of the facts is true, they might have recovered from defendants, not only the $100 which Mrs. Moore got, but the remaining $100 deposited on the Chenault contract. *Thomas* v. *Newcomb*, 26 Ariz. 47, 221 Pac. 226.

It is the rule of law that no estoppel arises by the acceptance of benefits when the person claiming the estoppel has not been injured. 21 C. J. 1137. If plaintiffs only accepted money which they were entitled to under any circumstances, defendants were not injured thereby, and no estoppel existed. *Hays* v. *Heidelberg*, 9 Pa. 203. Plaintiffs were therefore entitled to go to the jury on the whole case under proper instructions.

Since the case must go back for a new trial, we suggest that, while it was tried apparently by both parties on the theory that it was an action for damages for the difference between the actual value of the premises and the $5,000 paid by plaintiffs, the complaint does not allege this specifically. Such defect in the pleadings should be corrected.

The judgment of the superior court of Maricopa county is reversed and the cause remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.