# PHILLIPS *v.* HOMESTAKE CONSOLIDATED PLACER MINES CO.

No. 2575

January 22, 1929.

273 P. 657.

*Hoyt, Norcross, Thatcher & Woodburn,* for Appellant:

*Brown & Belford,* and *Campbell & Robins,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This appeal was taken from a judgment entered upon an order sustaining the plaintiff's demurrer to the defendant's amended answer. Therefore a question of pleading only is involved.

The action was begun in 1921 on four promissory notes, each dated on July 24, 1920, and each for the sum of $500, payable to the plaintiff and signed by the defendant. The complaint avers four separate causes of action in short form of a complaint on each note. The amended answer admits the execution and delivery of the notes, and alleges as follows:

"As a further defense to the first, second, third and

fourth causes of action set forth in said plaintiff's complaint, and to each of them, and by way of counterclaim, the defendant alleges that ever since on or about the 8th day of September, 1913, the defendant and its predecessors in interest, have been and now are the owners in possession and entitled to the possession of the Homestake placer mining claim, situate in the Battle Mountain mining district, county of Lander, State of Nevada; that on or about the first day of October, 1913, the predecessors in interest of the defendant leased and demised to the plaintiff and one L. R. Ray and one A. H. Crampton a lease on the southerly two hundred (200) feet of said Homestake placer mining claim; that thereupon said plaintiff and said Ray and said Crampton entered in and upon said leased and demised premises and worked, mined and extracted therefrom placer gravel containing placer gold; that thereafter and on or about the —— day of ——, 1915, the defendant and certain of its predecessors in interest became owners of the two-thirds interest in said lease; that on or about the 24th day of July, 1920, the defendant gave the promissory notes, set forth and contained in the plaintiff's complaint, for the purpose of acquiring and in payment of a one-third interest in said lease held by said plaintiff; that during the period of said lease and prior to the purchase of the one-third interest of the plaintiff, and after the defendant and its immediate predecessors in interest had become the owner of the two-thirds interest in said lease, large amounts of placer gold were extracted from said leased premises in excess of the sum of thirty thousand (30,000) dollars; that said gold was extracted from said premises without the knowledge or consent of the defendant; that no accounting was ever made to the defendant for their two-thirds interest therein by the plaintiff; that plaintiff well knew and was advised of the fact that said gold had been extracted from said leased premises and was so advised at the time of the execution of the promissory notes aforesaid, and that being so advised

said plaintiff failed and neglected to inform the defendant thereof and said plaintiff willfully and knowingly concealed from the defendant the knowledge of the fact that said large amounts of placer gold in excess of the sum of thirty thousand (30,000) dollars had been so extracted from said demised premises; that at the time of the execution of the promissory notes mentioned in said complaint, all pay ore and gravel of commercial value had been extracted from said leased premises all of which was well known to the plaintiff and which said plaintiff failed and neglected to apprise the defendant and which said facts said plaintiff concealed from the defendant.

"Wherefore, the defendant demands an accounting be had between the plaintiff and the defendant and that the plaintiff be required to pay the defendant. and account to the defendant for the value of all placer gold so extracted from said premises; that plaintiff take nothing by said complaint, that said notes be canceled and held for nought; that defendant have judgment for its costs herein incurred."

To this pleading the plaintiff demurred upon the grounds (1) that it did not state facts sufficient to constitute a defense; (2) that the counterclaim did not state facts sufficient to constitute a cause of action; and (3) because the cause of action stated was not pleadable as a counterclaim to the action. The demurrer was sustained upon the grounds, first, that the pleading did not state facts sufficient to constitute a defense; second, that the counterclaim did not state facts sufficient to constitute a cause of action.

Aside from serious objections which might otherwise be urged against the pleading in question, we shall treat it as a counterclaim, for the reason that the pleader designates it as a defense by way of counterclaim. The cause of action attempted to be stated in favor of the defendant and against the plaintiff is for the cancellation of the notes set out in the plaintiff's complaint, on the ground of nondisclosure. The gravamen of the defendant's cause of action is the concealment by the

plaintiff of the fact, within his own knowledge, that all ore and gravel of commercial value had been extracted from the leased premises at the time of the defendant's purchase from the plaintiff of his interest in the lease. The question presented for decision is whether, under the circumstances, the plaintiff's nondisclosure of the true physical condition of the property amounted to a fraud upon the defendant.

■ The general doctrine, with respect to concealment as a form of actual fraud, and as distinguished from those analogous violations of fiduciary duty which do not constitute actual fraud, but may be included within the term "constructive fraud," is stated by Pomeroy as follows: "If either party to a transaction conceals some fact which is material, which is within his own knowledge, *and which it is his duty to disclose,* he is guilty of actual fraud." 2 Pomeroy's Equity Jurisprudence (4th ed.), sec. 901.

In the extended discussion of the subject, the author states "that it has never been contended, in our system of jurisprudence, that a vendor in a contract of sale is bound to disclose all facts which, if known by the buyer, would prevent or tend to prevent him from making the purchase."

The same subject is discussed in Story's Equity Jurisprudence (14th ed.), secs. 292, 294, 300, and 303, and elsewhere in the same chapter. The general rule of equity, as laid down in both of the texts referred to, is that a failure to disclose amounts to an undue concealment, and, therefore, to a fraud, where there is a nondisclosure of those facts and circumstances which one party is under some legal or equitable obligation to communicate to the other. Pomeroy, in section 904, states that "in ordinary contracts of sale, where no previous fiduciary relation exists, and where no confidence, expressed or implied, growing out of or connected with the very transaction itself, is reposed on the vendor, and the parties are dealing with each other at arm's length, and the purchaser is presumed to have as many reasonable opportunities for ascertaining all the facts as any other

person in his place would have had, then the general doctrine already stated applies; no duty to disclose material facts known to himself rests upon the vendor; his failure to disclose is not a fraudulent concealment." Applying this doctrine to the pleading in question, we are of opinion that the plaintiff was under no legal or equitable obligation to communicate the fact that the leased premises had been worked (mined out) during the cotenancy and at the time of the execution of the notes given in payment of plaintiff's interest in the common property.

Counsel for the defendant intimate in argument that the plaintiff and the defendant were partners in the lease, and, under the well-recognized exception to the general rule, it became and was the duty of the plaintiff to make a full disclosure of all important information as to value. We do not understand that the relation of plaintiff and the defendant was that of partners. They were tenants in common, but not partners. Two or more persons owning undivided interests in mining ground are tenants in common, but, unless working it together, are not partners. Morrison's Mining Rights (14th ed.), 415. A mining partnership does not arise from mere cotenancy. 3 Lindley on Mines (3d ed.), 797. The parties being tenants in common, not engaged in working the common property, they did not stand in such a relation of mutual trust and confidence towards each other, in respect of the sale of plaintiff's interest, that each was bound, in his dealings with the other, to communicate all the information of facts within his knowledge, which affected the price or value.

The rule of law, as to concealment of defects in the property sold, is laid down by Sir Edward Sugden (1 Sugden's Vendors and Purchasers [1st Amr. Ed. 1]): "Even if the purchaser was, at the time of the contract, ignorant of the defects, and the vendor was acquainted with them, and did not disclose them to the purchaser, yet, if they were patent, and could have been discovered by a vigilant man, no relief will be granted against the vendor."

The rule stated is peculiarly applicable to a purchaser of mining ground or an interest therein, which is always of a doubtful or speculative character. The defendant had the same sources of information open to him as the plaintiff in respect to the physical condition of the property, it cannot, therefore, complain. A purchaser of such property must exercise common prudence, and, if he fails to avail himself of the ordinary means of information, the law gives him no redress. Andrus v. St. Louis Smelting & Refining Co., 130 U. S. 643, 9 S. Ct. 645, 32 L. Ed. 1054. No fiduciary relation existed between the parties, and no special confidence was reposed in the plaintiff by the defendant. They were independent of each other in the matter of the purchase and sale of plaintiff's interest, and dealt with each other as with strangers as to their respective interests in the common property. Bissell v. Foss, 114 U. S. 252, 5 S. Ct. 851, 29 L. Ed. 126. Consequently no duty to disclose rested upon plaintiff, and his failure to do so was not a fraud upon the defendant. The demurrer to the answer was properly sustained.

Therefore, the judgment is affirmed.