222 P.2d 630

**KOEN et ux. v. CAVANAGH et al.**

No. 5134.

Supreme Court of Arizona.

Decided Oct. 2, 1950.

V. L. Hash, of Phoenix, for appellants. Jennings, Strouss, Salmon & Trask, of Phoenix, for appellees.

UDALL, Justice.

The sole question presented by this appeal is whether the trial court erred in taking the case from the jury and directing a verdict for the defendants.

J. H. Koen and Marie Koen, his wife, plaintiffs-appellants, brought this action to recover $500 paid by them to Bert Cavanagh et als., defendants-appellees, as a down payment and earnest money on the purchase of certain realty, located at 3307 N. 19th Avenue, a part of what is commonly known as the Carlton Estates in the city of Phoenix. The complaint alleges actionable fraud and misrepresentation. The parties will hereinafter be referred to as they were in the lower court.

At the time the transaction took place the plaintiffs were residing in Phoenix. Koen was a cabinet maker and was desirous of purchasing a place outside the city limits in order that he might set up a cabinet

shop without restriction from city or zoning ordinances. He also wanted to be away from the more populous areas, his work as a cabinet maker necessarily entailing considerable noise.

The property involved had been listed for sale with the Bert Cavanagh Realty Company by defendants M. C. Roberts and Bernice Roberts, his wife, owners of the property. In an attempt to sell the property, defendant Mary L. Crook, a saleswoman employed by Cavanagh, held open house at the Roberts' home on Sunday, December 29, 1946. Plaintiffs attended and became interested in purchasing the property. Thereafter, on January 4, 1947, a contract was negotiated by Mrs. Crook and signed by J. H. Koen and Marie Koen as purchasers, plaintiffs agreeing to purchase the property for $10,500. A $500 check was written by Koen, made payable to Cavanagh, and delivered to Mrs. Crook at that time, such sum constituting the down payment and earnest money involved in this suit. An escrow agreement was entered into by the parties on January 6, 1947, with Phoenix Title and Trust Company as the escrow agent.

The evidence shows that at the time plaintiffs first called at the open house held by Mrs. Crook, and again at the time the contract for the sale and purchase of the realty was made, plaintiffs asked Mrs. Crook whether or not the property was within the city limits. On both occasions Mrs. Crook told the plaintiffs that the property was outside the city limits.

Prior to the time negotiations for the purchase and sale of the realty in question were being made, and insofar as the evidence shows unknown to any of the parties involved, a petition had been filed by property owners adjacent to the city for the annexation of the Carlton Estates to the city. Included therein was the Roberts' property. The petition was filed on November 27, 1946, and on December 3, the city commission met, discussed the petition and directed the city attorney to prepare an ordinance effecting the annexation of the area. Ordinance 4464, annexing the property to the city, was passed and approved on January 14, 1947, and recorded in the County Recorder's office on January 20.

About thirty days after the signing of the contract plaintiffs learned of the annexation. They refused to carry out the terms of the contract, and the $500 down payment and earnest money was forfeited in accordance with its terms. Plaintiffs filed this suit to recover that sum.

Upon motion of counsel for plaintiffs, the complaint against the Phoenix Title and Trust Company was dismissed. The evidence discloses that Cavanagh and Mr. and Mrs. Roberts had no actual knowledge concerning this sale prior to the time the contract was entered into. None of these parties personally made any representations regarding the property.

At the close of plaintiffs' evidence, defendants moved for a directed verdict upon the ground that the testimony of the plaintiffs showed that the only representation made was by Mrs. Crook, who stated to the plaintiffs that the property was outside the city limits, and that the evidence conclusively showed that on January 4, at the time the contract was entered into, the property was outside the city limits. Therefore, no actionable fraudulent representation was made. The court granted the motion for a directed verdict and rendered judgment for the defendants.

Plaintiffs' assignments of error are in substance that the trial court erred because the evidence adduced in support of the complaint made out a state of facts based on misrepresentation sufficient to go to the jury.

In support of the assignments of error plaintiffs argue that Mrs. Crook concealed material facts and therefore was guilty of fraudulent representation. The rule is advanced that a duty to speak may arise from partial disclosure, the speaker being under a duty to tell the whole truth although he might have said nothing. 37 C.J.S., Fraud, § 16. Although this rule is a correct statement of the law, the difficulty with plaintiffs' position is that the uncontradicted evidence shows that Mrs. Crook, as well as the plaintiffs, had no knowledge of the pending annexation proceedings. She made a complete, not a partial disclosure. The only evidence introduced on this point at the trial was the testimony of Mrs. Crook herself when called as an adverse witness by plaintiffs:

"Q. You told him (Koen) that this property was located outside the city? A. Yes, sir.

"Q. You knew it had been voted in by the property owners? A. No.

"Q. Did you make any effort to inquire about that? A. I had no reason to.

"Q. But you did tell him that it was outside of the city limits? A. That is right."

■ It is clear Mrs. Crook could not be guilty of fraudulent concealment because she was ignorant of that which she is alleged to have concealed. See 23 Am.Jur., Fraud and Deceit, Secs. 77 and 83.

Plaintiffs have assumed on the appeal that a false representation was made and that the trial court directed a verdict because of our holding in the case of Bianconi v. Smith, 3 Ariz. 320, 28 P. 880. However, there the issue was as to the sufficiency of the complaint, but here the sufficiency of the pleadings was not drawn in question; plaintiffs had their day in court. Stewart v. Phoenix National Bank, 49 Ariz. 34, 64 P.2d 101, 105.

■ The elements of actionable fraud were first laid down by this court in the case of Moore v. Meyers, 31 Ariz. 347, 253 P. 626, 628, reversed on another point, 31 Ariz. 519, 255 P. 164, as follows: "* * * (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowl-

392

edge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. 26 C.J. 1062. If these factors all appear, a cause of action for fraud will unquestionably exist." Mutual Benefit Health & Accident Ass'n v. Ferrell, 42 Ariz. 477, 27 P.2d 519, affirmed 48 Ariz. 521, 63 P.2d 203; Law v. Sidney, 47 Ariz. 1, 53 P.2d 64; Stewart v. Phoenix National Bank, supra; Sims Printing Co. v. Kerby, 56 Ariz. 130, 106 P.2d 197; Waddell v. White, 56 Ariz. 420, 108 P.2d 565, rehearing denied 56 Ariz. 525, 109 P.2d 843; Rice v. Tissaw, 57 Ariz. 230, 112 P.2d 866; 37 C.J.S., Fraud, § 3.

The trial court did not err in taking the case from the jury, since the plaintiffs failed to sustain their burden of proof by establishing a false representation. The undisputed testimony shows that the statement alleged to be false was in fact true. "The gist of an action based on fraud is fraud in defendant and damage to plaintiff; and its basic elements are false representations by defendant and reliance thereon by plaintiff to his damage. Fraud without damage or damage without fraud is not actionable; but, where both concur, an action lies." 37 C.J.S., Fraud, § 3. See also 23 Am.Jur., Fraud and Deceit, Sec. 20.

It is elementary that "a representation is not actionable unless false", and "there can be no fraud without misrepresentation." 37 C.J.S., Fraud, §§ 7 and 17; 23 Am.Jur., Fraud and Deceit, Sec. 22. Even without the foregoing authority we think the Arizona case of Law v. Sidney, supra, is decisive in the present appeal. In that case this court reversed a judgment in favor of the plaintiff when the record showed that the plaintiff did not prove that a false representation was actually made.

The other assignments of error are so completely without merit that they are not deserving of consideration.

Judgment affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.