288 P.2d 1079

Donald S. WILSON, Maxine G. Wilson, his
wife; Louis A. Aslanian and Alice As-
lanian, his wife, Appellants,

v.

L. M. BYRD and Anna Byrd, his wife,
Appellees.

No. 5904.

Supreme Court of Arizona.

Oct. 18, 1955.

Fred J. Hyder, Phoenix, for appellants (Edwin D. Green, Phoenix, of counsel).

James E. Flynn, Phoenix, for appellees.

LA PRADE, Chief Justice.

This is an appeal from a judgment wherein the appellants, Donald S. Wilson, Maxine G. Wilson, Louis A. Aslanian and Alice Aslanian, were the defendants and counterclaimants, and the appellees, L. M. Byrd and Anna Byrd, were the plaintiffs. For purposes of clarity the parties will be referred to by their trial court designations.

The plaintiff, L. M. Byrd, by his complaint sought to recover on a conditional sales contract entered into with the defendants. The contract contemplated the sale of a quantity of night club fixtures and furnishings to the defendants, who were also interested in operating the club wherein the fixtures were located. It is clear from the evidence that the plaintiff seller owned nothing but the subject matter of the sales contract.

The defendants in their answer to the complaint affirmatively pleaded that the plaintiff fraudulently induced them to enter into the conditional sales contract. Defendants also brought a counterclaim against plaintiff Byrd seeking to recover damages based on the same fraudulent inducement.

The parties went to trial on the plaintiffs' claim and the counterclaim of the defendants. At the conclusion of the defendants' opening statement the trial court granted a motion of the plaintiffs for a directed verdict in their favor on defendants' counterclaim. The court granted the motion of the plaintiffs based on the insufficiency of the allegation of fraud, in that the defendants failed to allege a "right to rely" upon the charged misrepresentations. Permission to amend the pleadings and opening statement was denied after an avowal by counsel for the defendants. Trial then proceeded upon plaintiffs' claim on the conditional sales contract and note. The defendants having pleaded fraud as a defense were permitted to introduce evidence thereon. The jury returned a verdict for the defendants upon the plaintiffs' claim, whereupon the plaintiffs moved for judgment notwithstanding the verdict which was granted.

The defendant-appellants make four assignments of error. Briefly they are these:

1. That the court erred in granting plaintiffs' motion for a directed verdict on the defendants' counterclaim, made at the close of defendants' opening statement; and in overruling defendants' motion for a new trial based on the counterclaim.

2. That the court erred in denying defendants' motions made through the trial to reinstate the counterclaim and allow the introduction of evidence thereon.

3. That the court erred in denying the motion of the defendants to amend their counterclaim, if necessary, to allege that the defendants had a right to rely on the alleged fraudulent statements of the plaintiffs.

4. That the court erred in granting plaintiffs' motion for judgment notwithstanding the verdict of the jury on the plaintiffs' claim; and in overruling and denying defendants' motion for a new trial.

In considering this appeal it will not be necessary to examine each of the above-assigned errors in detail. Consideration will be given to the alleged misrepresentations and their legal significance. There can be no actionable fraud without a concurrence of *all* the elements thereof. Moore v. Meyers, 31 Ariz. 347, 253 P. 626, reversed on another point, 31 Ariz. 519, 255 P. 164; Koen v. Cavanagh, 70 Ariz. 389, 222 P.2d 630. The elements are:

" * * * (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. * * *" Moore v. Meyers, supra [31 Ariz. 347, 253 P. 628].

With these principles in mind we proceed to examine the claimed misrepresentations which are:

1. That the plaintiffs represented to the defendants that they were the " * * * owners and holders of a valid subsisting lease upon said premises, * * *." (The Sundown Club at 1681 East Indian School Road, Phoenix, wherein the fixtures were located).

2. That the plaintiff represented to the defendants that they were the " * * * owners and/or in control of a certain number 6 spiritous liquor license."

3. That at the time of signing the contract plaintiff told defendants that arrangements had already been made with the owners of the premises to transfer the liquor license and deliver an executed lease from the owners and/or an assignment thereof.

In this case we are called upon to question only two of the elements, viz., the hearers' (defendants') reliance upon the truth of the representations and their right to rely thereon. In Wood v. Ford, 50 Ariz. 356, 72 P.2d 423, 424, this court held:

" * * * it must appear from the facts alleged as also from the proof that the one charging fraudulent misrepresentation not only relied upon such representation but had a right to. * * * "

In the instant case the defendants failed to show in either their pleadings or their opening statement a right to rely on the misrepresentations. An "avowal" made by counsel for the defendants at the time of the hearing on the motion for a directed verdict added nothing which would indicate a right to rely. And, even if it could be argued that the pleadings and opening statement indicated that proof would be offered on the right of reliance, the evidence clearly indicates that the defendants, under the circumstances, had no right to rely on the above representations as an inducement to enter into the conditional sales contract. In fact the testimony of the defendants negatives any reliance. Both Aslanian and Wilson testified that they were aware of the fact that someone other than the plaintiff owned the building, and told of having met the attorney for the owner prior to the execution of the contract, and further were aware of the fact that he represented someone other than Byrd. Further, both defendants testified most positively on cross-examination that they read and understood the conditional sales contract and a lease concerning the club and license before executing the sales contract. The lease, in addition to purport-ing to transfer a leasehold interest in the club itself, also leased the liquor license in question as follows:

"The said lessors, * * * do hereby lease, demise and let unto the said lessees that certain premises known as the Sundown, located at 1681 East Indian School Road, Phoenix, Arizona, and that certain No. Six (# 6) liquor license in the name of Herbert Kong and designated for use at the Sundown."

It is hardly conceivable that these men, experienced in business, after reading the proposed lease of the property and discussing the terms with the attorney for the owner of the property, and knowing Byrd was not the owner, could claim to have relied on what plaintiff told them, or in the face of this knowledge legally claiming that the circumstances were such that they had a right to rely on what Byrd said.

Therefore, if the trial court erred in directing the verdict on the counterclaim at the conclusion of the opening statement it was certainly harmless error, for as the evidence indicates the motion would have been properly allowed at the conclusion of the testimony.

In the case of Scarborough v. Central Arizona Light & Power Co., 58 Ariz. 51, 117 P.2d 487, 488, 138 A.L.R. 866, this court said:

" * * * If, however, it appeared before the presentation of evidence had

actually begun that plaintiff could not present enough to sustain a verdict in her favor, it was highly commendable for the court to instruct a verdict as soon as that fact appeared, and thus avoid a useless expenditure of both time and effort."

After the presentation of evidence it was clear that there was no conflict on this matter of reliance. The defendants not only failed to introduce evidence of reliance on the statements as being the inducement for the contract but they both expressly negated both the right to rely and any actual reliance on the claimed misrepresentations. The mere statements, as conclusions, that they relied on the words or had a right to do so, are not sufficient— there must be evidence to support the allegations. Here the defendants, armed with knowledge controverting the truth of the representations, went ahead and entered into the contract, fully apprised and understanding the terms and true state of ownership of the property and license.

The alleged statement of the plaintiff that "arrangements had already been made with the owners of the premises to transfer the liquor license and deliver and execute lease from the owners and/or an assignment thereof", was not a misrepresentation. The testimony of both sides clearly shows that the statement was not false. The statement itself is somewhat ambiguous and vague as to what "arrangements" consist of. The uncontradicted facts are that defendants

through the intercession of plaintiff met and dealt with the attorney of the owner of the building and license in furtherance of the desired end, and that a lease of the license and property was drawn as a result.

The defendant-appellants assign as error the refusal of the court to allow them to amend their counterclaim and opening statement. There was a hearing on the motion to amend during which the defendants' counsel made an avowal indicating what the amendment would contain. The court found it insufficient on which to base an amendment and the motion was denied. While the spirit of our rules of pleading is to allow amendments freely in order that justice may be done and the case tried on its merits rather than on niceties of pleading, it would be highly improper and time-consuming to allow amendments that add nothing. If a party in an offer of proof indicates that his amendment would add nothing, then the motion to amend is properly denied. The denial of defendants' motion to amend worked no injustice, and the court did not abuse its discretion. See: 1 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Sec. 447.

Neither was there any error on the part of the trial court in granting plaintiffs' motion for judgment notwithstanding the verdict and in entering judgment thereon. If the allegation and proof of fraud was insufficient as a counterclaim it was also in-

sufficient as a defense; the essentials of actionable fraud are the same whether fraud is used as the basis of an action for damages or as a defense. 37 C.J.S., Fraud, § 4. The defendants, after being precluded on their counterclaim, based their entire defense to plaintiffs' claim on the affirmative defense of fraud. As heretofore pointed out fraud as a defense requires proof of all the elements of fraud as a claim. If defendants' counterclaim was fatally defective in pleading and proof, so was their defense grounded on the same theory and couched in the same terms.

When the defendants failed to produce evidence on the reliance and right to rely there was no issue for the jury on those two essential elements. The jury cannot be allowed to speculate on the existence of such requisite elements. The defendants, being precluded from recovery by failure of proof on two elements, it was proper for the court to grant a motion for judgment notwithstanding the verdict.

"* * * Failure to produce any evidence of reliance upon alleged false and fraudulent representations warrants the direction of a verdict in favor of the party sought to be charged with fraud, or a judgment in his favor notwithstanding a verdict adverse to him rendered upon a submission of the cause. * * *" 24 Am.Jur., Fraud and Deceit, Sec. 298.

The judgment is affirmed.

UDALL, WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., disqualified, having been the trial judge.