JAMES STEWART, Respondent, *v.* DAVID LESTER, Appellant.

*Fraudulent representations inducing a contract — when a defense to its enforcement — such a defense to an action to enforce a contract, distinguished from one for the recovery of damages.*

In an action brought to enforce a written contract executed by both parties, by which the plaintiff agreed to sell and convey to the defendant a farm of 120 acres, the contract provided as follows: "It is mutually covenanted and agreed that in case either party fails to perform any of the covenants, herein agreed to be performed by each party, the party so failing shall and will pay to the other the sum of six hundred dollars, which sum is hereby fixed and agreed upon as liquidated damages for such failure, and shall, in no event, be considered a penalty."

The defendant refused to perform the contract, upon the ground of fraud, and offered to prove that he was induced to enter into the contract by false and fraudulent representations, made by the plaintiff at the time the contract was entered into, to the effect that the plaintiff had never offered the farm in question for a price less than $8,500, while, on the contrary, he had offered it, on numerous occasions in the market, for $6,000 : that such representation was false, and known by the plaintiff to be false at the time he made the same, and that the defendant relied upon such representation in making the contract, and would not have entered into the same but for such false representation.

*Held*, that the facts which defendant offered to prove constituted a bar to a recovery in the action

That either party to a contract may make a collateral statement, made by the other party during the negotiations, as to the existence or non-existence of a particular fact, a material one in his own judgment, so that if it turns out to be untrue, and was falsely and fraudulently made, it will vitiate the contract if he relied upon the same as true, and would not have entered into the contract but for such statement.

That the action, being founded upon an executory contract, was not governed by the same rule as an action claiming damages for deceit, and that it was not, therefore, necessary for the defendant to show, in order to defeat a recovery, that he had sustained pecuniary loss in any particular sum by reason of the misrepresentation made by the plaintiff.

That the rule that fraud without damages resulting therefrom never gives a right of action in favor of the defrauded party, applies to those cases where the injured party is seeking to recover damages from the wrong-doer, in an action *ex delicto*, as an indemnity against injury which he has sustained by reason of a fraud, and has no just application to a case where the fraud is relied upon as a defense to the enforcement of an executory contract.

Appeal from a judgment entered upon a verdict, in the plaintiff's favor, rendered at the Genesee Circuit for the sum of $600 damages.

The action was brought to enforce a written contract executed by both parties, by which the plaintiff agreed to sell and convey to the defendant a farm of 120 acres, situated in the town of Bethany, county of Genesee, for the consideration of $8,500, to be paid for as follows : The defendant to convey to the plaintiff a house and lot sit· uated in the city of Lockport, valued at $6,000, and $2,000 to be paid by assuming a mortgage upon the farm, and $500 to be paid in money at the time of the delivery of the deed. The damages for non-performance were stipulated at $600, and were expressed in the contract as follows : " It is mutually covenanted and agreed that in case either party fails to perform any of the covenants herein agreed to be performed by each party, the party so failing shall and will pay to the other the sum of $600, which sum is hereby fixed and agreed upon as liquidated damages for such failure, and shall in no event be considered a penalty." The plaintiff was ready and willing and offered to perform the agreement on his part on the day mentioned in the contract for performance. The defendant refused to accept the deed and declined to perform any of the covenants on his part. The verdict was for the sum of $600 mentioned as stipulated damages, rendered upon the order and direction of the court. The defendant resisted a recovery upon the ground of fraud, and the answer was in form sufficient to admit the proof which the defendant offered on the trial, and which was rejected by the court upon the plaintiff's objection that the same was immaterial. The defendant offered to prove that he was induced to enter into the contract by the false and fraudulent representations, made by the plaintiff at the time the contract was entered into, viz., that the plaintiff had never offered the farm in question for a price less than $8,500 ; and that, on the contrary, he had offered it on numerous occasions in the market for $6,000 ; that such representation was false and known by the plaintiff to be false at the time he made the same ; that the defendant relied upon such representation in making the contract, and would not have entered into the same but for such false representation ; and if he had known that the farm had been offered on the market for the sum of $6,000 he would not have entered into the contract ; that the plaintiff made the representation in answer to a direct inquiry made by the plaintiff on the subject whether the farm had been offered for sale at a price less than $8,500. This

evidence was objected to as immaterial and was excluded by the court, and the defendant excepted. Thereupon the court directed a verdict in the plaintiff's favor for the sum of $600, to which the defendant then and there duly excepted.

*D. P. Lester*, for the appellant.

*George Bowen*, for the respondent.

BARKER, P. J.:

The facts which the defendant offered to prove, in our opinion, constitute a bar to a recovery in this action. In the first place it is to be borne in mind that the plaintiff's action is founded upon an executory contract and, as the defendant alleges and offers to prove, was made and entered into on the part of the defendant upon a false and fraudulent representation made by the plaintiff as to a circumstance relative to the subject-matter of the contract, upon which the defendant relied as true, and he would not have entered into the agreement if he had known the representation was false. The plaintiff knew that his statement was untrue, and from the form of the inquiry and the time the same was made, he had every reason to suppose and believe that the defendant would be influenced by his answer as the information sought was peculiarly within his own knowledge. Under these circumstances he was bound by every precept of integrity and fair dealing to make a truthful statement. It should also be borne in mind that the defendant is not, in this action, claiming damages against the plaintiff, but is simply resisting the enforcement of a contract procured from him by fraud and deceit. It was not, therefore, necessary for the defendant to show, in order to defeat a recovery, that he had suffered a pecuniary loss in any particular sum by reason of the misrepresentation made by the plaintiff. The record does not disclose the reason given by the learned trial judge for holding that the evidence was immaterial, but the counsel for the plaintiff places his argument in support of the ruling upon the sole ground that, by the offers of proof, it did not appear that the defendant had suffered any loss by reason of the misrepresentation, as he had not offered to prove that the market value of the farm was less than he had agreed to pay. The legal proposition is fundamental that fraud avoids every contract and

annuls every transaction. (2 Pars., on Cont., 767.)  A contract procured from a party by fraud and falsehood cannot be enforced against him by a party procuring it, and a court of equity will annul the same on the complaint of the defrauded party.  The real question in the case is, was the fraudulent statement a material one, in view of the nature and character of the contract as the offer of proof embraced every other fact necessary to constitute a complete defense on the ground of fraud.  The rule by which it is to be determined, whether a statement is a material one or not, has been frequently formulated by the courts in recent cases where the question was directly under consideration.

In *Smith* v. *Countryman* (30 N. Y., 670), Justice DAVIES in his opinion stated the rule to be : That the fraud which will vitiate a contract must be material ; that it must relate distinctly and directly to the contract and must affect its very essence and substance.  Mr. Parsons, in his work on contracts, gives the rule in this language : "If the fraud be such that had it not been practiced the contract would not have been made or the transaction completed then it is material to it."  In an English case (*Canham* v. *Barry*, 15 C. B., 597), the gauge by which the materialty of the statement is to be determined is stated, in substance, as follows : A contract may be avoided by a false and fraudulent representation, though not relating directly to the nature and character of its subject-matter, if it is so closely connected with the contract as that the parties sued upon it would not, but for the representation have entered into it, and was induced to enter into it, to the knowledge of the other party by such representation.  (See also *Hammond* v. *Pennock* 61 N. Y., 152; *Moens* v. *Heyworth* 10 M. & W., 147; *Valton* v. *National Fund Life Ass. Co.*, 20 N. Y., 32.)

Under the rule as stated in these cases either party to a contract may make a collateral statement, made by the other party during the negotiations, as to the existence or non-existence of a particular fact, a material one in his own judgment; so if it turns out to be untrue, and was falsely and fraudulently made, it will vitiate the contract if he relied upon the same as true, and would not have entered into the contract but for the statement.  This standard by which it is to be determined whether the fraud be material or not has been adopted and applied by the courts in this State in many adjudicated cases.

In *Valton* v. *National Fund Life Assurance Company* (*supra*) it was held that a fraudulent misrepresentation made by the assured to the insurer, upon his application for a policy, though not material to the risk, yet material in the judgment of the insurer, and which induced him to take the risk, would avoid the policy; that the misrepresentation amounted to a fraud, not on the ground of the misrepresentation affecting the nature of the risk, but because it induced a confidence without which the party would not have acted. In *Smith* v. *Countryman* (*supra*) the question was presented whether a contract obtained from a person by fraud and falsehood can be enforced against him by the party procuring it, and it was held that it could not be.

There the action was founded upon an executory contract, and the defendant set up in bar of a recovery that he was induced to enter into the contract by reason of a false and fraudulent material statement made by the plaintiff at the time the agreement was entered into, and upon which he relied and which he believed to be true.

The same state of facts which will enable a party to avoid a contract in a court of equity for fraud will constitute a proper defense at law in an action brought against the defrauded party to recover damages for non-performance. From the facts which the defendant offered to prove, the jury would have been justified in reaching the conclusion, as a fair and proper deduction therefrom, that the defendant in his own judgment regarded the statement as to the fact stated by the plaintiff, that the farm had not been offered by him for sale on the market at a sum less than $8,500, the price which he was to pay for the same, a material circumstance, and that the plaintiff had reason to suppose that the defendant relied upon his answer as being true, and was induced thereby to conclude the agreement. The inquiry was a natural and pertinent one for a party to make who was negotiating for the purchase of property, either real or personal. It was one way of testing its market value. The circumstance that the farm had been offered by the plaintiff for sale on numerous occasions for the sum of $6,000 would have the effect, in a measure, to hinder and make it difficult for the owner to sell it for the price of $8,500, although its intrinsic value was the last mentioned sum. A person negotiating for the purchase of property

for the purpose of resale on the same market would ordinarily regard it as a material circumstance in determining, in his own judgment, whether it would be a wise and proper investment to make, to purchase the same at a particular price, in the face of the fact that the owner had repeatedly offered it for sale at a much less amount.

Suppose a person treating for the purchase of a span of horses for which the owner gave his price, and the proposed buyer should inquire whether they had been offered on that market at a less figure, and the answer should be that they had not, could the seller misapprehend the purpose of the inquiry and doubt that the buyer was not influenced by his statement? As a general rule, it is a question of fact for the jury to determine whether the false statement was a material one or not. (2 Parsons on Cont., 770 and note *q*.)

The rule invoked by the plaintiff that fraud, without damages resulting therefrom, never gives a right of action in favor of the defrauded party, applies to those cases where the injured party is seeking to recover damages from the wrong-doer in an action on the case *ex delicto* as an indemnity against the injury which he has sustained by reason of the fraud, and has no just application to a case like the one in hand, where the fraud is relied upon as a defense to the enforcement of an executory contract. If the false statement relates to a material fact, the law implies that the defrauded party has suffered an injury sufficient to defeat a recovery. By showing that the misstatement was a material one relative to the subject-matter of the contract, is proof that damages, in some degree, have been sustained by the defrauded party, but he is not called upon to give direct proof of the nature and extent of his damages. Where a party is seeking *affirmative* relief upon the ground of fraud, whether it be legal or equitable, then he is called upon to prove that he has sustained damages in some tangible amount, and the rule, as stated in Pomeroy's Equity Jurisprudence (vol. 2, § 898), is as follows : "Fraud, without resulting pecuniary damage, is not a ground for the exercise of remedial jurisdiction, equitable or legal; courts of justice do not act as mere tribunals of conscience to enforce duties which are purely moral. If any pecuniary loss is shown to have resulted, the court will not inquire into the extent of the injury ; it is sufficient, if the party misled has been very slightly prejudiced, if the amount is at all appreciable." Upon the case which the defendant

offered to establish by competent proof, we think a court of equity would annul the contract upon the ground of fraud and deceit.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HAIGHT, BRADLEY and DWIGHT, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.