## JOHN B. FOX *vs.* MINNIE TABEL.

Third Judicial District, New Haven, June Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

No action will lie on an order for goods obtained from the defendant by the false and fraudulent representations of the plaintiff that he was the authorized agent of a certain manufacturer or merchant. In such case it is immaterial that the goods of a different maker, which were tendered by the plaintiff, conformed in quality and design to those ordered, as the defendant had a right to determine of whom he would buy. Nor is it necessary, under such circumstances, for the defendant to prove that he suffered damage, in order to sustain his defense of fraud. The reputation of a manufacturer or merchant may give a value to his goods which is quite independent of their actual quality.

Parol evidence to prove fraud in obtaining a written contract, is always admissible in defense of a suit brought upon such contract.

Ordinarily the question of whether a contract procured by fraud has been avoided within a reasonable time, is a question of fact.

[Submitted on briefs June 4th—decided June 22d, 1895.]

ACTION to recover damages for breach of contract, brought originally before a justice of the peace, and thence by defendant's appeal to the District Court of Waterbury, and tried to the court, *Root, J.;* facts found and judgment ren-

dered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The plaintiff sought to recover damages for the refusal of the defendant to accept a marble monument, manufactured by the plaintiff, pursuant to a written agreement between them. In the District Court three defenses were pleaded. The first was a general denial. The second defense was that the defendant signed the agreement, believing that the plaintiff executed it as the authorized agent of one John Hanna; that this belief was induced by the plaintiff's false and fraudulent representation to that effect; and that in fact he was not such agent. The third defense was that the agreement was made with the plaintiff as agent of John Hanna; that the plaintiff represented to the defendant, in order to induce her to sign it, that he was such agent; and that John Hanna had released her from all obligations under the agreement.

A demurrer to the second and third defenses was overruled, and a judgment rendered for the defendant, from which the plaintiff appealed.

*Daniel F. Webster*, for the appellant (plaintiff).

I. It does not appear from the finding that the defendant was actually deceived by the alleged misrepresentations of the plaintiff. She was bound to know the contents of the paper and the legal effect of it. *Bacon* v. *Moukley*, 46 Md., 321; *Hawkins* v. *Hawkins*, 50 Cal., 558; *Starr* v. *Bennett*, 5 Hill, 303. To entitle the defendant to the relief she seeks, it must appear she was actually deceived. *Bennett* v. *Gibbons*, 55 Conn., 450.

II. The contract was not void but voidable at the option of the defendant, if the plaintiff procured it by fraud. And if defendant sought to avoid it on that ground, it was her duty to at once have notified the plaintiff, that he might be at no unnecessary expense; and the offer should have been made as soon as she discovered the fraud, or at least she should have made a reasonable effort to do so. *Disbrow* v. *Secor*, 58 Conn., 35; *Grymes* v. *Sanders*, 93 U. S. 55; *Barnes* v. *Starr et al.*, 64 Conn., 158.

III. To maintain an action for deceit and fraud, it is indispensable that the plaintiff show he has sustained damage, as the clear and necessary consequence of the tort. *Austin* v. *Barnes*, 41 Conn., 297 ; *Otis* v. *Raymond*, 3 id., 418 ; *Miller* v. *Wells*, 23 id., 21. The defendant could not have sustained damage in taking a stone which was of the design selected by her, and of the best material and workmanship.

IV. To defeat the plaintiff's claim, the false representations must have been concerning a material matter. They must be such, that if true, they would substantially enhance the value of the property. *Smith* v. *Countryman*, 30 N. Y., 655 ; *Hall* v. *Johnson*, 41 Mich., 286. It was not material of whom the defendant purchased the stone. Neither the plaintiff nor Mr. Hanna were known to her. The only thing, material to the defendant, was that she should receive a stone of the design, materials and workmanship which she had contracted for.

*John Coats*, for the appellee (defendant).

BALDWIN, J. The second and third defenses were not demurrable. No man can maintain an action upon an agreement which was confessedly procured by his assertion that he was authorized by another to execute it in his behalf, when such representations were false, and made with intent to deceive and defraud the other contracting party. Nor can it be seriously questioned that, if such representations were true, a release by the principal would be a bar to any action on the contract.

The finding of the District Court shows that John Hanna of New Britain, was a dealer in monuments, and known by reputation to Mrs. Tabel, the defendant, as such; that the plaintiff, who lived in Thomaston, and had formerly been in his employment, on February 23d, 1892, in order to procure an order for a monument from the defendant, who lived in Collinsville, represented to her that he was Hanna's agent; that this representation was false and made with knowledge of its falsity; and that the defendant was thereby induced

to believe, when she signed the contract, that she was contracting with Hanna, through the plaintiff as his agent. The agreement is expressed to be between John B. Fox of Thomaston and the defendant; and he signed it simply with his own name. It called for the erection of the monument on July 13th, 1892. On May 22d, 1892, she learned that the plaintiff was not Hanna's agent, and thereupon ordered another monument from Hanna, on his agreement to save her harmless from any claim on the contract she had made with the plaintiff. On June 7th, the plaintiff had a monument at Collinsville, properly lettered and ready to be set up there, in conformity to the terms of the contract, when he discovered that another monument had already been erected in the defendant's cemetery lot. He then called on the defendant, and she, for the first time, notified him that she had found that he was not Hanna's agent, and had supplied herself with another monument from Hanna himself. The monument thus procured was of a different design from that specified in the contract with the plaintiff.

Parol evidence of the false representations made by the plaintiff was properly admitted, notwithstanding the plaintiff's objections that it tended to vary the terms of a written agreement. Fraud in procuring a contract can always be shown in defense to a suit upon it. *Feltz* v. *Walker*, 49 Conn., 93, 98.

It is argued that the plaintiff's fraud made the contract only voidable, and that it was too late for the defendant to avoid it on June 7th, when she knew all the facts as early as May 22d. We cannot say that this delay was unreasonable as matter of law, and it was not found by the trial court to have been unreasonable in fact.

The plaintiff contends that his fraud was immaterial, because it does not appear that the defendant sustained any damage from it. It is enough that it does appear that the fraud was intended to induce her to execute the contract, and that it had that effect. The plaintiff cannot ask the court to help him to profit by his own wrong. But the defendant was not bound to prove damage. A man has a

right to choose whom he will employ. The reputation of a manufacturer or merchant may give a value to his goods which is quite independent of their actual quality. An order from *A* cannot be changed into an order from *B* without the buyer's consent.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.