[No. 14983.   Department Two.   January 17, 1919.]

JAKE COHN, *Appellant,* v. J. A. KNABB,
*Respondent.*[1]

SPECIFIC PERFORMANCE (20) — DEFENSES — FRAUD.  Specific per-formance of a contract for the sale of a stock of goods to an undis-closed principal will not be decreed where it was induced by false representations that one C. was not the undisclosed principal, and the contract was executory to the extent that the purchaser was to participate in making an invoice, and C. was a competitor to whom the vendor would not sell.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered April 27, 1918, upon findings in favor of the defendant, in an action for specific performance, tried to the court.  Affirmed.

*F. W. Moore,* for appellant.

*Bryan & Garland,* for respondent.

PARKER, J.—The plaintiff, Cohn, seeks specific per-formance of a contract made by the defendant, Knabb, for the sale of his business, fixtures, and stock of mer-chandise, situated in the city of Bremerton.   The con-tract for the sale was made by one Gale, as agent for

[1]Reported in 177 Pac. 794.

an undisclosed principal, the plaintiff claiming to be the principal and vendee for whom Gale was acting. Trial upon the merits in the superior court for Kitsap county resulted in judgment denying to the plaintiff the relief prayed for, from which he has appealed to this court.

The contract, in so far as we need here notice its terms, reads as follows:

"Bremerton, Washington, August 21, 1917.

"Received of Edgar L. Gale (agent for undisclosed principal), hereinafter mentioned as the purchaser, the sum of one hundred ($100) dollars, as earnest money in part payment for the purchase of (here follows description of property) . . . . which I have this day sold to the said purchaser . . . . on the following terms, to wit: the total purchase price of said fixtures (described property) . . . . to be the sum of fifteen hundred ($1,500) dollars, and in addition to said sum, the said stock of goods, wares and merchandise to be inventoried and paid for by the purchaser at the invoice price as shown by the invoices at the time of the purchase by the under-signed, the vendor herein.

"An inventory of said stock of goods, wares and merchandise shall be taken at the invoice price at the time of the purchase of said stock of goods, wares and merchandise, by the vendor herein, as shown by the *invoices;* it being understood that the undersigned, the vendor herein, will immediately upon demand, turn over to the said Edgar L. Gale, or to whoever he may designate, immediate possession of said storeroom and of said invoices and whatever may be necessary to make a complete inventory of said stock of goods, wares and merchandise, fixtures and personal property located in said storeroom, and that said inventory and sale shall be completed on or before August 31, 1917, and upon completion thereof, possession of said premises shall be immediately surrendered by the vendor to the vendee, or to whoever he may designate. . . .

"It is further understood and agreed that the said Edgar L. Gale, agent (or his undisclosed principal) shall not in any manner be held responsible for any damages of any nature whatsoever on account of the failure to complete the sale within the time and in the manner hereinabove set forth, or at all, and in the event that said sale is not completed on or before August 31, 1917, without fault of the vendor, the said sum of one hundred ($100) dollars, hereinabove mentioned, shall be forfeited and considered as full and liquidated damages by the undersigned.

"In witness whereof, I have hereunto set my hand and seal the day and year first above written.

"(Signed) J. A. Knabb."

A check for the earnest money in the sum of one hundred dollars was, at the time of the signing of the contract, given by Gale to Knabb, which was never cashed, but was surrendered by Knabb, filed as an exhibit in the case, and is attached to the statement of facts.

The principal defense made by Knabb, and the only one we find it necessary to notice, is that of fraud and deceit practiced by Gale inducing Knabb to sign the contract, in that Gale stated and represented to Knabb that Cohn was not his undisclosed principal, well knowing that Knabb would not sell to Cohn on the terms and conditions specified in the contract. The trial judge stated his reasons for rendering judgment in favor of Knabb in what is, in effect, a finding embodied in the judgment, as follows:

. . . . . "That the agreement set forth in the complaint was signed by the defendant herein under a verbal condition precedent to his signing of the same that in no case was the subject-matter referred to in said contract to be sold to Jake Cohn. . . ."

Counsel for Cohn contends that the trial court fell into error in so finding and making such finding the

basis of its judgment. The evidence is not free from conflict touching the question of this verbal understanding between Knabb and Gale at the time of the signing of the contract, but we think it was ample to warrant the court in viewing the fact as stated in the judgment. The evidence also warrants the conclusion that Cohn was purposely acquiescing in concealing by Gale from Knabb the fact that Cohn was the undisclosed principal for whom Gale was acting, well knowing that Knabb would not sell the business to him under the terms of the contract.

Counsel for Cohn invokes the rule as stated in *Scott v. Shiner,* 27 N. J. Eq. 185, 189, as follows:

"To constitute a misrepresentation which will prevent a decree for specific performance, the statement in question must be so material to the contract built on it, that, if the statement be false, the contract becomes one which it would be unconscionable for the party who has made the statement to enforce. In other words, the misrepresentation must be shown to have operated to the prejudice of the defendant."

Conceding this to be the law, speaking generally, we think it is not controlling in this case. It appears from the evidence that Cohn and Knabb had for a considerable time been competitors in business, with some ill-feeling existing between them, their stores being within two or three doors of each other, and that Knabb did not have such faith in the business integrity of Cohn as would induce him to contract for a sale of the business to Cohn upon such terms and conditions as were specified in the contract here in question, all of which was known to Gale. It will be noticed that the consummation of the sale under this contract involved something more than the mere delivery of the business and the stock and receiving an agreed fixed price therefor, since, by the terms of the

contract, Cohn would have the privilege of participating with Knabb in making an invoice of the stock, and thereby in a measure cause interference with Knabb's business before the consummation of the sale, with the possibility of Cohn still refusing to purchase, as to which Knabb would be dependent upon the good faith and ability of Cohn to purchase. We think, in view of the fact that the contract was executory to this extent, that Knabb was well within his rights in refusing to proceed with the invoicing of the stock and the sale to Cohn upon discovering that he was the undisclosed principal for whom Gale was acting. It may be that Knabb took his chances as to who the undisclosed principal was for whom Gale was acting, other than Cohn, but this is not so as to Cohn. The following authorities lend support to our conclusion: *Mitchell v. King*, 77 Ill. 462; *Kelly v. Central Pac. R. R.*, 74 Cal. 557, 16 Pac. 386, 5 Am. St. 470; *Fox v. Tabel*, 66 Conn. 397, 34 Atl. 101; *Rodliff v. Dallinger*, 141 Mass. 1, 4 N. E. 805, 55 Am. Rep. 439; *New York Brokerage Co. v. Wharton*, 143 Iowa 61, 119 N. W. 969.

The judgment is affirmed.

MAIN, MOUNT, HOLCOMB, and FULLERTON, JJ., concur.