14240. NIPPER *et al.* *v.* GRIFFIN MERCANTILE CO.

BELL, J. 1. While it is well settled that in order to invalidate a written contract on the ground of fraud, the fraud must have resulted in injury or damage, yet where, against an action upon a promissory note, the maker defends upon the ground that he was induced to execute and deliver it by misrepresentation of material facts, knowingly made by the payee in order to induce the making of the note, by which the maker was defrauded and deceived, the case is not one of fraud without damage, but the damage exists in the execution and delivery of the note by which the maker assumes an obligation. *Holliday* v. *Poole*, 77 *Ga.* 159; *House* v. *Martin*, 125 *Ga.* 642 (1) (54 S. E. 545).

2. Fraud voids all contracts. Civil Code (1910), § 4254. A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value. Civil Code (1910), § 4305.

3. A misrepresentation by the holder of a mortgage executed by a third person upon personalty, that the property is free of other incumbrances,

knowingly made for the purpose of inducing another to purchase the mortgage and to pay for the same with a promissory note, is a misrepresentation of such a material fact as will authorize the latter, after executing the note, to rescind the transaction on discovery of the fraud, if he relied upon the representation and was induced thereby to execute the note, provided he acts promptly and restores or offers to restore to the other party the mortgage of the third person for the purchase-price of which the note was given. *Marietta Furniture Co.* v. *Beckwith*, 4 *Ga. App.* 245 (3) (61 S. E. 149). See 12 R. C. L. §§ 39, 51, 57, pp. 273, 287, 293.

4. Where a contract is thus rescinded, it is abrogated not partially but completely. The rights of the parties are to be determined by the standard of the original status, and not by the rescinded contract with the effect of the fraud repaired. A contract once so rescinded cannot be revived by the subsequent action alone of the party perpetrating the fraud in making true what he represented to be true before the contract was made. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (3), 462 (50 S. E. 402); *Enterprise Distributing Corp.* v. *Zalkin*, 154 *Ga.* 97 (5) (113 S. E. 409); 2 Black on Rescission & Cancellation, §§ 704, 706; 6 R. C. L. 942, § 323.

5. In the instant case, if the fraud existed as claimed, the plaintiff could not escape its consequences by showing at the trial that, subsequent to the rescission and offer to restore, it paid off the prior incumbrance.

6. It was not necessary to the defense to show that the prior mortgage had been enforced. *Southwestern Railroad* v. *Papot*, 67 *Ga.* 675 (5). See also *French* v. *State*, 4 *Ga. App.* 462 (61 S. E. 836).

7. Applying the foregoing principles to the evidence, a verdict for the plaintiff was not demanded, and it was error to direct it.

    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

     Decided November 27, 1923.

Complaint; from Fayette superior court—Judge Searcy. December 30, 1922.

*W. B. Hollingsworth, Culpepper & Murphy,* for plaintiffs in error.

*Reagan & Reagan,* contra.