### 17648.   GILMORE *v.* CHEVROLET MOTOR COMPANY *et al.*

STEPHENS, J.   1. Where a petition alleges that certain tortious acts were committed by the defendant through its authorized agent, and specifically alleges the duties of the agent, and where it does not appear that the acts performed by the agent were within the scope of his alleged duties, the petition fails to set out a cause of action, and is therefore not good as against a general demurrer.

2. In a petition which alleges that the defendant, the Chevrolet Motor Company, an automobile manufacturer having an office and place of business and a duly authorized agent and representative in the City of Atlanta, through its named agent, conspired with other named persons to defraud the plaintiff by inducing him, to his loss and damage, to invest a large sum of money in an insolvent local corporation formed to act as agent in selling automobiles manufactured by the defendant, allegations that the duties of the defendant's agent consisted in acting for it in several States, including the State of Georgia, as its representative "to secure agents, dealers, and persons to handle Chevrolet motor-cars," and that he "was authorized to represent to such persons, [in order] to secure them as agents and dealers, the character of the automobile business, the kind and character and condition of established agencies, the merchandise quality and value of cars, and all questions which involve the establishment of, or the taking over of the business as dealers in Chevrolet motor-cars," allege authority only to procure agents and dealers to handle and sell the defendant's cars and

Agency, 2 C. J. p. 904, n. 77; p. 905, n. 82, 86; p. 906, n. 87.
Dismissal and Nonsuit, 18 C. J. p. 1187, n. 60; p. 1188, n. 69.
Pleading, 31 Cyc. p. 289, n. 60.

to give to such dealers and agents all information necessary to the conduct of such business, and do not allege any duty or authority in the agent to act for and in behalf of the defendant in financially organizing agencies to handle the defendant's cars, and do not allege any authority in the agent to act for the Chevrolet Motor Company in making representations to any person to induce him to come to the financial assistance of, and invest his money in, any agency organized for the purpose of handling and selling the defendant's cars.

3. Allegations in the petition to the effect that the alleged agent acted for and in behalf of the defendant when committing the alleged tortious acts complained of are not, when construed in connection with specific allegations as to the duties of the agent, to be taken as alleging that the alleged agent, when acting for and in behalf of the defendant, had authority to so act and bind the defendant as its agent.

4. The petition failed to set out a cause of action, and was properly dis missed on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 20, 1927. REHEARING DENIED OCTOBER 1, 1927.

Action for damages; from Fulton superior court—Judge E. D. Thomas. July 27, 1926.

Application for certiorari was denied by the Supreme Court.

*Hewlett & Dennis, J. K. Jordan,* for plaintiff.

*Chalmers & Stewart, Candler, Thomson & Hirsch, Little, Powell, Smith & Goldstein, J. J. Garland, J. S. Chambers,* for defendants.