Frank A. Gttlotta, J.
This action in contract seeks to recover $1,151.71, plus interest and costs, on the sale of a freezer sold by Franklin Sales Corporation to the defendants, husband and wife, as part of a food/freezer plan.
The contract is in the form of that provided for in the New York Retail Installment Sales Act (Personal Property Law, § 401 et seq.). It was executed by both parties at Kingston, New York, and the seller’s principal place of business is stated to be at ‘ ‘ No. 354 Franklin Square ”, New York. A printed ‘ ‘ Receipt Acknowledgment” shows three addresses in New Jersey and two addresses in New York, including the one at Franklin Square. It is conceded that Franklin Sales Corporation is a foreign corporation which assigned the contract in suit to plaintiff, Franklin Enterprises Corporation, a domestic corporation.
Defendant Robert Moore testified that his first contact with Franklin Sales came through an advertisement which was published in a Newburgh newspaper, soliciting customers for its freezer plan.
Defendants rely on section 218 of the General Corporation Law for one of their defenses, but plaintiff claims that its rep *595 résentative Lawrence Kobert, who sold' this job, was only successful in selling one other plan and therefore it was not engaged in business in the State of New York in violation of that section. But this is not a complete answer, because, while it is true that a single transaction does not necessarily constitute the doing of business (Penn Collieries Co. v. McKeever, 183 N. Y. 98), ‘1 "Whether or not it does fall within the statute depends upon whether it constitutes a part of a general attempt to transact business in violation of the statute. If it does the first transaction is as illegal as the second, or third or twentieth ” (Mahar v. Harrington Park Villa Sites, 146 App. Div. 756, 758). It is hard to believe that Kobert would have engaged an answering service in the Newburgh area to handle calls in connection with a plan to make one sale. In another case involving this same plaintiff and similar facts, Franklin Enterprises v. Farnham, Index No. 11738/59, Justice Robinsoit held, in an unreported decision, that this same assignor Avas engaged in business in the .State of New York, and therefore there could be no recovery on its contract.
Therefore I think enough has been shoAvn to sustain this defense; but in any event, the second defense, viz., fraud practiced by Kobert in connection Avith the inducement for the sale, stands uncontradicted.
Defendants Avere told that this Avas a commercial type freezer, completely porcelainized inside and out, and that it had freezing coils on every shelf as well as the conventional coils in the outside walls. This was in partial explanation for the extraordinarily high price of the freezer, some $825 without the finance charges of $209.76 on the unpaid balance of $750 — which incidentally Avould seem to exceed the maximum rate of 10 °fo per annum on the first $500 and 8% on the balance alloAved by section 404 of the Personal Property LaAV. These statements AArere factually incorrect and that they were material Ave may judge from the fact that as soon as Robert Moore saw the freezer he notified the seller that he would not accept it and that he rescinded the sale. After having done so, the defendants are now in a position to resist an action for the price, although title may have passed originally, since this put title back in the seller, and it Avas essential to do this in order to enable defendants to successfully defend an action for the purchase price. (Soper v. St. Regis Paper Co., 38 Misc. 294, affd. 76 App. Div. 409.)
The rule applicable to a case such as this is set forth in Vail v. Reynolds (118 N. Y. 297, 302-303):
‘ ‘ A person who has been induced by fraudulent representations to become the purchaser.of property, has upon discovery of the fraud three remedies open to him, either of which he may *596 elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such' action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. (Gould v. Cayuga County Nat. Bank, 86 N. Y. 75; Thayer v. Turner, 8 Met. 550; Evans v. Gale, 17 N. H. 573.)
‘ ‘ He may bring an action in equity to rescind the contract and in that action have full relief, (Allerton v. Allerton, 50 N. Y. 670.) Such an action is not founded upon a rescission, but is maintained for a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the damages sustained. This action proceeds upon an affirmance of the contract and the measure of the plaintiff’s recovery is the difference between the article sold and what it should be according to the representations. (Krum v. Beach [96 N. Y. 398, 406].)”
It follows of course that if a buyer may recover the purchase price already paid after an ex parte rescission for cause, he may properly refuse to pay in the first place.
Except for the amount of damage, we have here all the elements of a fraud — deception, guilty knowledge and reliance. As to damage, where the relief sought is defensive only, proof of the actual amount of damage is unnecessary. As was said in Stewart v. Lester (49 Hun 58, 60, 62):
“ It should also be borne in mind that the defendant is not, in this action, claiming damages against the plaintiff, but is simply resisting the enforcement of a contract procured from him by fraud and deceit. It ivas not, therefore, necessary for the defendant to show, in order to defeat a recovery, that he had suffered a pecuniary loss in any particular sum by reason of the misrepresentation made by the plaintiff.” * * *
“■The rule invoked by the plaintiff that fraud, without damages resulting therefrom never gives a right of action in favor of the defrauded party, applies to those cases where the injured party is seeking to recover damages from the wrong-doer in an action on the case ex delicto as an indemnity against the injury which he has sustained by reason of the fraud, and has no just application to a case like the one in hand, where the fraud is relied upon as a defense to the enforcement of an executory contract. If the false statement relates to a material fact, the law implies that the defrauded party has suffered an injury sufficient to defeat a recovery. By showing that the misstatement was a material one relative to the subject-matter of the contract, is *597 proof that damages, in some degree, have been sustained by the defrauded party; but he is not called upon to give direct proof of the nature and extent of his damages. Where a party is seeking affirmative relief upon the ground of fraud, whether it be legal or equitable, then he is called upon to prove that he has sustained damages in some tangible amount ”.
In Seneca Wire & Mfg. Co. v. Leach & Co. (247 N. Y. 1) it was held that an action at law to recover the purchase price of securities was maintainable by the buyer after rescission, even though the misrepresentation was innocently made and that there is no distinction in this respect between an action in equity for a rescission and one at law for the return of the purchase price based on a rescission already made.
It is only an action at law ex delicto which requires proof of willful misstatement resulting in damage. (Reno v. Bull, 226 N. Y. 546.)
Plaintiff’s position that its agent’s conversations cannot be proved is unsound. Though the contract is in writing, evidence of oral misrepresentation is admissible to prove fraud in the inducement; such evidence in no way violates the general rule excluding oral evidence to vary the terms of a writing, even though the contract expressly provides that it may not be altered orally. (Bridger v. Goldsmith, 143 N. Y. 424; Sabo v. Delman, 3 N Y 2d 155.) Any other rule would permit a person to insulate himself from the consequences of his own fraud, in advance, by a simple contract provision. Accordingly the complaint is dismissed on the merits.