415 P.2d 549

**Clyde DUNGAN, Plaintiff-Appellee,**

**v.**

**W. W. SMITH and Ruth Alyce Smith, his wife, Defendants-Appellants.**

**No. 7832.**

Supreme Court of New Mexico.

June 20, 1966.

John P. Otto, Phoenix, Ariz., for appellants.

Watson & Watson, Artesia, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

Dungan Homes, Inc., a New Mexico corporation, was in 1962 engaged in the manufacture and sale of various components for the home-building industry. It was a prefabricating facility. The location of the plant and its office was near Roswell, New Mexico. The authorized stock in the corporation consisted of 800 shares. Clyde Dungan owned 396 shares; John B. Allen, Jr., owned 396 shares; and the remaining 8 shares were owned by the attorney for the corporation. At the same time, in Clovis, New Mexico, W. W. Smith was engaged in building homes.

In January, 1963, John B. Allen, Jr. offered to sell to W. W. Smith 396 shares of stock owned by Clyde Dungan for $40,-

000. Shortly thereafter, W. W. Smith went to Roswell and purchased from Clyde Dungan his 396 shares of stock for $40,000, paying $20,000 in cash and executing two notes in the principal sum of $10,000 each. The first note was due and payable on August 18, 1963, and the second was due and payable on February 18, 1964. The first note was paid in September, 1963.

This action was brought in April, 1964 by Clyde Dungan, who will hereinafter be referred to as the appellee, against W. W. Smith and his wife, Ruth Alyce Smith, who will hereinafter be referred to as the appellants, to collect the second $10,000 note, interest thereon, and attorney fees. The appellants answered admitting the execution of the note and that the appellee was the holder thereof. The appellants affirmatively alleged fraud on the part of the appellee, calculated to induce appellants to purchase the stock to the gain of the appellee and to the injury of the appellants. The appellants also counterclaimed for damages, title to the assets of Dungan Homes, Inc., or, in the alternative, rescission and refund. Lastly, the appellants made demand for a jury trial.

Following submission of all of the evidence to the court and jury, the appellee moved for judgment. The motion was sustained and, pursuant thereto, a judgment was entered in favor of appellee on, and attorney fees, and further dis- for the amount of the note, interest there-

missing the appellants' counterclaim. From this judgment, the appellants have appealed to this court.

The appellants here contend that the trial court erred in sustaining appellee's motion for judgment for the reason that there was sufficient evidence of fraud to require the issue to be submitted to the jury.

■ The problem presents many facets. Each facet must be examined with the awareness of the oft-expressed rule that where a motion to dismiss is made at the conclusion of the evidence, the evidence must be viewed in the light most favorable to the opposition (in this case, the defendants-appellants), indulging in their favor every reasonable inference that may be drawn therefrom. If reasonable minds may differ, it is a proper question to be submitted to the jury. Burks v. Baumgartner, 72 N.M. 123, 381 P.2d 57, at 62.

The undisputed evidence here discloses that appellee-Dungan knew in December, 1962, or in January, 1963, that John B. Allen, Jr. had misappropriated funds out of a partnership venture in Amarillo, Texas, and because of such misconduct, appellee had given Mr. Allen thirty days to sell his own stock in Dungan Homes, Inc. or within the same time to find a buyer for appellee's stock for $40,000, or else the appellee would take back the Allen stock entirely. Appellant-Smith testified that ap-

pellee told him in the latter part of January, 1963, or early in February, 1963, during the negotiations for the sale and purchase of the stock, that "Mr. Allen was a good, upstanding citizen, was a good business man, was trustworthy." Appellee denied making the statement.

Here is squarely presented a question of fact, that is, was there a false representation made by the appellee? The answer to this question involves a determination of the credibility of the two witnesses. In a jury trial, this is solely a jury function. The appellee admits that he did not advise appellant concerning the shortage in the account of Mr. Allen. In Everett v. Gilliland, 47 N.M. 269, 141 P.2d 326, we quoted from 23 Am.Jur. 854, as follows:

"The principle is basic in the law of fraud as it relates to nondisclosure that a charge of fraud is maintainable where a party who knows material facts is under a duty, under the circumstances, to speak and disclose his information, but remains silent. Situations evoking the duty of disclosure may arise in various ways in different cases. Generally speaking, however, in the conduct of various transactions between persons involving business dealings, commercial negotiations, or other relationships relating to property, contracts, and miscellaneous rights, there are times and occasions when the law imposes upon a party a duty to speak rather than to remain silent in respect to certain facts within his knowledge and thus to disclose information, in order that the party with whom he is dealing may be placed on an equal footing with him."

When this principle is applied to the situation here present, that is, the seller of one-half of the stock in a corporation, the other one-half of which is owned by an officer who has demonstrated a capacity for misappropriation of funds, remaining silent, both as to the wrongdoing, and also as to the fact that if the stock is not sold within a limited time, that the other stockholder will be forced out, there would appear to be grounds for belief that reasonable minds might differ in considering the presence or absence of a duty to disclose.

The trial court, in sustaining appellee's motion, verbally observed:

"* * * the court will also rule that the proof as to the alleged fraud is not clear and convincing so as to warrant its submission to a jury * * *"

In Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299, we said:

"* * * The evidence in support of a finding of fraud is not deemed substantial, *if it is not clear, strong and convincing.*"

428·

The trial court was not faced with the problem of support for a finding; the jury had not returned one. The problem was whether or not the evidence presented a question on which reasonable minds might return varied answers.

■ To the defense of fraud raised by the appellants, the appellee has pled waiver. The proof submitted in support of this plea presented another question of fact, Nickerson v. Nickerson, 80 Me. 100, 12 A. 880; Lyons v. Brunswick-Balke-Collender Co., 20 Cal.2d 579, 127 P.2d 924, 141 A.L.R. 1173, a question to be answered by the jury, if and when it has first found that it was fraud on the part of the appellee. After appropriate instructions, a jury must determine when the fraud was discovered by the appellant or when they were charged with knowledge thereof so as to constitute waiver. Halsey v. Minnesota-South Carolina Land & Timber Co., 174 S.C. 97, 177 S.E. 29, 100 A.L.R. 1.

■ The appellants affirmatively sought to recover damages from the appellee. We recognize that proof of damages must be shown to sustain fraud as a defense. Bank of Commerce v. Broyles, 16 N.M. 414, 120 P. 670. See annotation 91 A.L.R.2d 346, 349. We find sufficient evidence to support submission of the question to the jury. It is the province of the jury to decide this question of fact. Larsen v. Bliss, 43 N.M. 265, 91 P.2d 811. As an alternate to damages, the appellants sought rescission and restoration of the moneys paid for the stock. The appellants' right to rescission must first follow a jury finding that the appellants, after discovering the fraud, had not ratified the transaction. See Armijo v. Nuchols, 57 N.M. 30, 253 P.2d 317.

■■ We agree with the appellant that the filing of his cross-complaint seeking rescission is sufficient notice of a tender back of the stock. One seeking the equitable relief of rescission would be required as a usual condition of relief to make restitution. There need be no tender in fact in this type of situation. See De Funiak, Equity, p. 234.

We conclude that the trial court erred in not submitting disputed questions of fact to the jury. Accordingly, the ruling is reversed, the judgment entered in favor of the appellee is set aside, and the cause is remanded for a new trial. It is so ordered.

CARMODY, C. J., and MOISE, J., concur.