**Robert S. DENBERG, Petitioner,**

v.

**LORETTO HEIGHTS COLLEGE, and the Industrial Commission of the State of Colorado, Respondents.**

**No. 84CA0137.**

Colorado Court of Appeals, Div. I.

Sept. 20, 1984.

Rehearing Denied Oct. 18, 1984.

Certiorari Denied Jan. 14, 1985.

Richard Scheidenhelm, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Gorsuch, Kirgis, Campbell, Walker & Grover, Timothy J. Parsons, John L. Ferguson, Denver, for respondent Loretto Heights College.

PIERCE, Judge.

Claimant, Robert S. Denberg, seeks review of a final order of the Industrial Commission denying him unemployment benefits based on a determination that his intentional misrepresentation of his academic credentials constituted "gross misconduct evincing willful disregard of the employer's interests." We affirm.

Claimant was initially hired by respondent Loretto Heights College (LHC) as a part-time instructor for the spring semester of 1981. In the spring of 1982, claimant applied for a full-time permanent faculty position. In connection with his application, LHC requested that claimant submit an academic transcript. Claimant provided a forged transcript which represented that he had a Ph.D. from N.Y.U., an M.A. from the University of New Mexico, and a B.A. from Hunter College; whereas, in fact, claimant had received no college degrees. It was undisputed that claimant would not have received the position had he not misrepresented his academic credentials. The evidence indicates, however, that claimant's performance as a teacher was satisfactory.

According to the evidence presented at the hearing before the Division of Labor, claimant disclosed to his immediate supervisor on September 25, 1982, that he had misrepresented his credentials. His supervisor, however, did not bring the misrepresentation to the attention of an assistant dean until the week of January 17, 1983.

The assistant dean immediately investigated claimant's academic credentials and upon verifying the misrepresentation, discharged claimant on approximately January 25, 1983.

The hearing officer denied claimant unemployment benefits pursuant to § 8–73–108(3)(c), C.R.S. (1983 Cum.Supp.). The Industrial Commission affirmed.

## I.

On review, claimant first contends that the four-month delay from the time he informed his supervisor of the misrepresentation until his discharge, constitutes a condonation or waiver of LHC's right to terminate him. We disagree.

If an employer elects not to discharge an employee for a material breach of contract, such breach is not, of itself, a cause for future discharge. *Restatement (Second) of Agency* § 409 comment g (1958). Here, however, the evidence established that the supervisor did not have authority to fire claimant. Moreover, from claimant's testimony it is apparent that claimant revealed his misrepresentation to his supervisor in confidence and with the expectation that she would not reveal it. Under these circumstances, the supervisor's knowledge cannot be attributed to LHC.

Since claimant was discharged as soon as his misconduct came to the attention of the administrators having the authority to discharge him, there was no election not to discharge claimant. Similarly, inasmuch as there can be no waiver without full knowledge of the right waived, claimant's contention of waiver is without merit. *See Gulf Insurance Co. v. State*, 43 Colo.App. 360, 607 P.2d 1016 (1979).

## II.

Claimant contends next that the credentials which he misrepresented were not material to his ability to perform his job properly, and that, under *Casias v. Industrial Commission*, 38 Colo.App. 261, 554 P.2d 1357 (1976), the Commission erred in denying him benefits on the basis of those misrepresentations. We disagree.

A fact is material if a reasonable person under the circumstances would attach importance to it in determining his course of action. *Wade v. Olinger Life Insurance, Co.*, 192 Colo. 401, 560 P.2d 446 (1977). Here, claimant's academic credentials were clearly material to the hiring determination by LHC, and to judging his qualifications as a college professor. Moreover, there was evidence that if the misrepresentation had been discovered by the institution responsible for accreditation of LHC, the incident would have been, at best, an embarassment to LHC, at worst, might have endangered its accreditation. Under these circumstances, the misrepresentations were material, and the denial of benefits based on those misrepresentations was proper.

Claimant's remaining contention is without merit.

Order affirmed.

VAN CISE and TURSI, JJ., concur.