**Rodney ICE, Plaintiff–Appellee,**

v.

**BENEDICT NUCLEAR PHARMACEUTICALS, INC., a Colorado corporation, Defendant–Appellant.**

**No. 86CA1415.**

Colorado Court of Appeals,
Div. IV.

March 15, 1990.

As Modified on Denial of Rehearing
May 10, 1990.

Certiorari Denied Sept. 24, 1990.

Bradley, Campbell & Carney, P.C., Jim Hansen, Golden, for plaintiff-appellee.

Ireland, Stapleton, Pryor & Pascoe, P.C., Neal S. Cohen, James E. Nesland and William J. Leone, Denver, for defendant-appellant.

Opinion by Judge TURSI.

In this action to recover wages claimed under an employment contract, the defendant, Benedict Nuclear Pharmaceuticals, Inc., appeals the judgment entered on a jury verdict in favor of the plaintiff, Rodney Ice. We affirm.

The issue before us is whether the trial court abused its discretion in excluding evidence of a "misrepresentation" by plaintiff in support of defendant's affirmative defense of fraud in the inducement. The context of the court's ruling is that defendant admittedly breached its obligations under the employment contract for reasons totally unrelated to the misrepresentation, and there was no showing by defendant that the "misrepresentation" had damaged, harmed, or otherwise diminished the performance that it had bargained for and that it had received from the plaintiff.

In late 1983, defendant needed to hire someone with contacts in the medical arena to develop and market a certain pharmaceutical manufactured by it. Initially, defendant satisfied this need by hiring plaintiff as a consultant for a six-month period. The contract for the hiring of plaintiff was negotiated through defendant's executive vice-president who had a long working relationship with the plaintiff. After about three months as a consultant, defendant asked plaintiff to accept full-time employment as vice president of professional affairs.

In his capacity as a consultant, and later as a vice president of defendant, plaintiff worked approximately one and one-half years for defendant. He not only performed his duties regarding the initial pharmaceutical, but also successfully assisted defendant in obtaining an Investigational New Drug number from the Food and Drug Administration, for another pharmaceutical. It was anticipated that annual gross sales of the latter product, if developed, could approach $100,000,000.

After approximately a year of receiving only partial compensation from the financially beleaguered defendant, plaintiff decided to resign. Defendant's directors and officers pleaded with plaintiff not to resign, promising to make payroll payments timely.

Things did not change and plaintiff eventually resigned. After unsuccessfully de-

manding full payment of all past due wages, plaintiff filed this lawsuit.

In response to plaintiff's complaint, defendant affirmed the agreement and, in its answer, pled a general denial, eight affirmative defenses, and two counterclaims. The affirmative defenses pled by defendant included the following:

"Ice is barred from recovering on his claims because of his misrepresentations in which he induced Benedict Nuclear to enter into an agreement to employ him."

In the first counterclaim, defendant asserted that plaintiff willfully breached the contract by failing to move to Colorado, and prayed for actual and exemplary damages. In the second, defendant asserted that plaintiff had been unjustly enriched by loans advanced to him and prayed for actual damages. It then prayed that plaintiff's complaint be dismissed with prejudice and that it be awarded attorney fees. Defendant did not state a claim in rescission, nor did it proffer restitution to plaintiff on a quantum meruit basis.

During discovery, defendant learned of certain alleged misrepresentations apparently made by plaintiff during negotiations prior to the defendant's contracting with plaintiff. It is not clear from the record whether these "misrepresentations" were repeated prior to the negotiation of the employment contract. Defendant did not seek to amend its affirmative defense of fraudulent misrepresentation to include this information, nor did it seek to amend any other pleadings it had filed.

During trial, defendant's counsel sought to cross-examine the plaintiff regarding the alleged misrepresentations made during the negotiations concerning formation of the resulting agreement. Plaintiff's counsel objected, contending that the evidence was not material.

In response to a direct question from the trial court, defendant admitted that it could show no specific damages that had been incurred by the defendant because of the claimed fraudulent inducement. Nor did it proffer any evidence that if plaintiff were to be compensated on the basis of unjust enrichment that the value of the services received would be less than the sum agreed to in the contract.

■ The trial court ruled that, since defendant, concededly, could not prove the element of damages, evidence concerning plaintiff's alleged misrepresentations during the negotiations was irrelevant and inadmissible. The reasoning behind this ruling was that, under the admitted facts here, any misrepresentations which had not, in fact, injured the defendant nor diminished the value of plaintiff's bargained-for performance and the consideration received was, at best, immaterial. We find this reasoning to be persuasive.

This court has adopted the majority rule that: "The necessity of proof of damages in a fraud action is the same whether fraud is asserted as a claim for damages or as an affirmative defense to a counterclaim." *Greenleaf, Inc. v. Manco Chemical Co.*, 30 Colo.App. 367, 492 P.2d 889 (1971).

Defendant cites a few cases and commentators which subscribe to the proposition that it is not relevant whether harm or damage has been caused. *See* Restatement (Second) of Contracts § 164 comment c (1981). This rule, however, "undoubtedly goes a little further than the cases." J. Calamari & J. Perillo, *The Law of Contracts* § 9–16 (3rd ed. 1987). *See also* Restatement (Second) of Contracts § 165 (1985), stating: "[I]f a contract is voidable because of the misrepresentation and, before notice of an intention to avoid the contract, the facts come into accord with the assertion, the contract is no longer voidable unless the recipient has been harmed by relying on the misrepresentation." Thus, it would appear that even the Restatement rule would prohibit voidability when, as here, the substance of the performance promised has been, in fact, delivered and there has been no harm.

For cases following the majority rule that damages must be shown in defense of a fraud claim as well as in support of such a claim, *see Federal Deposit Insurance Corp. v. Palermo*, 815 F.2d 1329 (10th Cir. 1987); *Imperial Insurance Co. v. Supornick & Sons, Inc.*, 184 F.2d 930 (8th Cir.

1950); *Grosen Wilson v. Byrd*, 79 Ariz. 302, 288 P.2d 1079 (1955); *Austell v. Rice*, 5 Ga. 472 (1848); *Guerten v. Zachas*, 256 Ill.App. 386 (1930); *Neidefer v. Chastain*, 71 Ind. 363 (1880); *Missouri Valley Land Co. v. Bushnell*, 11 Neb. 192, 8 N.W. 389 (1881); *Holland & Furnace Co. v. Rounds*, 139 Mont. 75, 360 P.2d 412 (1961); *Dungan v. Smith*, 76 N.M. 424, 415 P.2d 549 (1966); *Planters Bank & Trust Co. v. Yelverton*, 185 N.C. 314, 117 S.E. 299 (1923); *Coral Gables, Inc. v. Schmieding*, 36 Ohio L.Abs. 327, 68 N.E.2d 152 (Ohio App.1940); *Carter v. Barclay*, 476 S.W.2d 909 (Tex.Civ. App.1972).

■ Our Supreme Court in *Trimble v. Denver*, 697 P.2d 716 (Colo.1985), discussing plaintiff's claim of fraud in the inducement, set forth the elements of fraud, and as one such element included:

" 'Action on the representation or concealment resulting in damage.' "

Further, the court reaffirmed the general rule that "proof of damages is an element of fraud." Thus, we conclude that if there is no evidence of the element of damage, a claim of fraud based on material misrepresentation, whether in support of or in defense of a claim, must fall.

■ Nor are we persuaded that defendant's affirmative defense of fraudulent misrepresentation can be construed as one for rescission. Defendant did not specifically plead or demand rescission, as required by well-established rules of practice. C.R.C.P. 8 & 9; *CJI–Civ.2d* 19:1, 30:33 (1980). The record does not indicate that defendant gave plaintiff or the court any notice, prompt or otherwise, of its intention to rescind, a prerequisite which has long been the law. *See Gerbaz v. Hulsey*, 132 Colo. 359, 288 P.2d 357 (1955). *See also* McCleary, *Damages as Requisite to Rescission for Misrepresentation*, 36 Mich. L.R. 227 (1937).

Defendant's reliance on cases such as *Kavarco v. T.J.E., Inc.*, 2 Conn.App. 294, 478 A.2d 257 (1984) and *Wood v. Jotham Bixby Co.*, 29 Cal.App.2d 294, 84 P.2d 204 (1938), which hold that proof of damages is not required to avoid a contract in a rescission action, are inapposite here. These cases not only concerned specifically pled claims for rescission, but also involved factual situations in which the rescinding party had not received the consideration bargained for, nor had it defaulted prior to its discovery of the alleged misrepresentation for totally unrelated reasons. Further, in *Kavarco* and *Wood*, the parties seeking equity came before the court with clean hands. The facts in this case do not render those decisions apposite.

■ Moreover, even if we were to characterize the affirmative defense as one for rescission, it would not cure the evidentiary deficiencies. Defendant's concession that it could produce no evidence concerning actual damages and its failure to proffer evidence that the actual value of the unique services it received were less than the contract price is as fatal to a rescission theory as it is to a fraudulent misrepresentation theory.

Therefore, based upon the record before us, we find no reason to deviate from the rule that once a party has received the full consideration for which it bargained, that party may not, after being in default for reasons totally unrelated to the claimed fraudulent misrepresentation, assert a misrepresentation as a defense to its breach of contract if it cannot show that the misrepresentation did, in fact, cause damage.

Accordingly, the judgment is affirmed and the cause is remanded to the trial court for assessment of attorney fees in accordance with § 8–4–114, C.R.S. (1986 Repl.Vol. 3B); *see Kennedy v. Leo Payne Broadcasting*, 648 P.2d 673 (Colo.App.1982).

METZGER, J., concurs.

DAVIDSON, J., dissents.

Judge DAVIDSON dissenting.

During the discovery phase of this lawsuit, defendant learned that plaintiff had been terminated as Dean of the Oklahoma College of Pharmacy for his dishonest and unprofessional conduct in surreptitiously negotiating transfer of an important university program to a private corporation in exchange for a personal fee of $250,000.

In procuring his contract with defendant, plaintiff allegedly represented that he had left the university because of political differences. Defendant asserted that it would not have hired plaintiff if it had known about his employment history, and neither party suggests, nor did the trial court determine, that plaintiff's purportedly honorable employment history was not material to the transaction. However, on the sole ground that defendant could not show proof of any specific damages resulting from the misrepresentation, the trial court precluded admission of any evidence on this defense.

Contrary to the majority's characterization thereof, the critical issue here is whether a defendant in a breach of contract action may defend on the basis of plaintiff's fraudulent inducement although no special damages resulted from the fraud. By holding that fraudulent inducement may not be raised as a defense in a breach of contract action without a showing of tangible damages therefrom, both the trial court and the majority have misperceived the fraudulent inducement defense as a counterclaim in tort. Instead, the defense is equivalent to rescission. Therefore, I respectfully dissent.

A party that has been fraudulently induced to enter into a contract may affirm the contract and seek damages in an action at law, *Gerbaz v. Hulsey*, 132 Colo. 359, 288 P.2d 357 (1955), or such party may rescind the contract to restore the status quo. Restatement (Second) of Contracts § 164 (1981); *see Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985); *Davies v. Bradley*, 676 P.2d 1242 (Colo. App.1983).

"When one uses fraud in the inducement as a defense to a breach of contract action he is in effect claiming a right to rescind the contract and consider himself discharged. The elements of proof of his defense are therefore the same as [in] action for rescission and restitution." *CJI–Civ.2d* 30:14 (1980) (Notes on Use). Thus, as is the case in a rescission action, proof of special damages is not required to establish the defense of fraudulent inducement.

12 S. Williston, *Contracts* § 1525 (3rd ed. 1970); *see also* D. Dobbs, *Remedies* § 9.4 (1973).

The effect of the successful fraud defense, therefore, is to void the contract and to require the defrauding party to recover, if at all, in quantum meruit. *See* Restatement (Second) of Contracts § 164 comment c (1981); *see also* Restatement of Restitution § 66 illustration 10 (1937) (if employment contract rescinded for fraud or mistake, B is entitled to restitution from A subject to a deduction for the reasonable value of A's services already rendered).

Here, the record indicates that defendant did not dispute that plaintiff should be compensated for the services he actually performed, but it sought for such compensation to be at the fair market value of those services determined in quantum meruit, rather than at the contract salary. The absence of tangible damages was irrelevant to the assertion of this defense.

In rejecting this reasoning, the majority refers to *Greenleaf, Inc. v. Manco Chemical Co.*, 30 Colo.App. 367, 492 P.2d 889 (1971) and to the majority rule. The majority's reliance is misplaced.

Insofar as *Greenleaf* is precedent, I would decline to follow it. The *Greenleaf* court did state that: "[T]he necessity of proof of damages in a fraud action is the same whether fraud is asserted as a claim for damages or as an affirmative defense to a counterclaim." However, the court gave no reasons for so concluding and cited as authority only C.J.S. and an Arizona case, *Wilson v. Byrd*, 79 Ariz. 302, 288 P.2d 1079 (1955), which did not address the element of damages but only that of reliance.

Likewise, the "majority rule" is hardly clear cut. Practically no court has stated in precise terms that it is necessary for a defendant to show damages in order to establish fraud in the inducement as a defense to an action on a contract. 37 Am. Jur.2d Fraud § 291 (1968).

The jurisdictions that require proof of special damages as a condition to pursuing the defense tend, like the *Greenleaf* court, to carry over the requirements of action-

able fraud without making the distinction between the affirmative tort remedy and the contractual defense. *See Johnson v. Eagle,* 355 P.2d 868 (Okla.1960); *Imperial Assurance Co. v. Joseph Supornick & Son,* 184 F.2d 930 (8th Cir.1950).

Many that have recognized the distinction have nullified the damage requirement of the defense by holding that damage is inherent in particular instances of fraud, *see Gonderman v. State Exchange Bank,* 166 Ind.App. 181, 334 N.E.2d 724 (1975); *Schoen v. Lange,* 256 S.W.2d 277 (Mo.App. 1953); *Petty v. Pacific,* 210 N.C. 500, 187 S.E. 816 (1936); *Nipper v. Griffin Mercantile Co.,* 37 Ga.App. 211, 120 S.E. 439 (1923), or by implying injury whenever the misrepresentation is material. *See Franklin Enterprises Corp. v. Moore,* 34 Misc.2d 594, 226 N.Y.S.2d 527 (1962); *Metropolitan Life Insurance Co. v. James,* 231 Ala. 295, 164 So. 377 (1935); *California Credit & Collection Corp. v. Goodin,* 76 Cal.App. 785, 246 P. 121 (1926); *Parker v. Naylor,* 151 S.W. 1096 (Tex.Civ.App.1912); *Fox v. Tabel,* 66 Conn. 397, 34 A. 101 (1895); *Stuart v. Lester,* 49 Hun. 58, 1 N.Y.S. 699 (1888).

The latter approach is consistent with the requirements for rescission. *See* Restatement of Restitution § 9 (1937); *CJI–Civ.2d* 30:33 (1980); *Kavarco v. T.J.E., Inc.,* 2 Conn.App. 294, 478 A.2d 257 (1984); *Wood v. Jonathan Bixby Co.,* 29 Cal.App.2d 294, 84 P.2d 204 (1938).

The key for rescission and, accordingly, for the defense of fraudulent inducement, is not ascertainable damages, but rather materiality. And, contrary to the majority's implication, the determination of materiality depends not on whether damages have in fact resulted at some time subsequent to the transaction, but rather on whether the representation affected the transaction at the time it was made. *See Denberg v. Loretto Heights College,* 694 P.2d 375 (Colo.App.1984) (college teacher's misrepresentations as to his academic credentials were material to his being hired even though his subsequent performance as a teacher was satisfactory).

The majority also concludes that defendant's defense of fraudulent inducement may not be treated as rescission because defendant did not properly plead it, failed to give prompt notice of its intent to rely on the defense, and failed to make an offer of proof on the quantum meruit recovery to which he believed himself entitled. The record reveals, however, that defendant did, on different facts, counterclaim for unjust enrichment, request that plaintiff receive only quantum meruit compensation, and plead the defense of inducement, and also that defendant raised the circumstances of this defense after it was able to discover them.

In addition, with respect to defendant's "failure" to offer evidence that the value of plaintiff's services was less in quantum meruit than under the contract, the court made it clear that it would not allow the defense of fraudulent inducement unless defendant could show tangible damages resulting from the specific misrepresentation in question. This ruling, thus, indicated that any difference between the quantum meruit and contract values of plaintiff's services not engendered by that specific misrepresentation was irrelevant. Therefore, any proffer of evidence by defendant concerning the difference would have been unavailing. In such circumstances, an offer of proof is unnecessary. *Miller v. Colorado Discount Corp.,* 80 Colo. 355, 251 P. 1049 (1926).

It may be that equitable relief is not appropriate here for other reasons. But that is a question for the trial court to resolve after considering all the evidence. Because of the trial court's ruling that a showing of damages was required, defendant was not allowed to put on the evidence to be weighed. I do not believe we can say as a matter of law that equitable relief is unwarranted.

For these reasons, I would reverse the damages award for plaintiff and remand the case for further proceedings.