### 0039

Henry D. PRICKETT, Appellant, v. A & B ELECTRICAL SERVICE, INC., and Jerry O. Alexander, Respondents.

(311 S. E. (2d) 402)

Court of Appeals

*Clifford F. Gaddy, Jr.,* of *Gaddy & Davenport,* Greenville, *for appellant.*

*John I. Mauldin* of *Yarborough, Mauldin & Allison,* Greenville, *for respondents.*

Jan. 9, 1984.

GARDNER, Judge:

This appeal arises from a fraud and deceit action and verdict rendered thereon. We reverse.

Both A & B Electrical Service, Inc. and American Scenic, Inc. were corporations, which at the time of the institution of this action were defunct. Respondent Alexander was formerly the president of A & B; appellant Prickett was formerly the president of Scenic.

Prickett, individually, and A & B were sued for an account owed. A & B defaulted. By cross-complaint against Alexander, asking that the corporate veil of A & B be pierced, Prickett prayed that in the event judgment be awarded against him, that Prickett have judgment over and against Alexander.

Alexander counterclaimed for fraud and deceit. The cause of action related to an alleged false representation by Prickett that he would apply the proceeds of a check to be received by him to an account which Anderson's corporation had assumed from Prickett's corporation. This promise was allegedly made in order to get Anderson's corporation to pay a present debt of Prickett's corporation. The counterclaim then contained the following allegation:

As a direct and proximate result of the representations made by the Defendant-Plaintiff, Henry D. Prickett, and reliance thereon by the Defendant Jerry O. Alexander, and the subsequent actions taken by the Defendant-Plaintiff Henry D. Prickett, the Defendant, Jerry O. Alexander, has incurred numerous and substantial damages in the form of monetary expense and otherwise, including but not limited necessarily to legal fees, wage loss and other incidental injuries and damages resulting from the institution of this law suit.

The case was tried and the jury returned a verdict awarding actual and punitive damages to Alexander.

Appellant made a timely motion for directed verdict on the grounds that expenses incurred in the defense of the cross-complaint were not allowable as consequential damages and that there was no other evidence of compensable actual damages. The trial judge overruled the motion and made a contra instruction to the jury. This ruling and this instruction were error and the case must be reversed.

In a remarkably similar case, our Supreme Court established the pertinent law of this state. We quote from *Rimer v. State Farm Mutual Automobile Insurance Company*, 248 S. C. 18, 27, 148 S. E. (2d) 742, 746 (1966);

Where the rights, or asserted rights, of parties are in conflict, it is inevitable that each party desiring to protect his rights must give time and attention to that end. To do so is not generally an element of damage, although it may be in some situations where loss of earnings is involved, which is not the case here.

Nor do recoverable damages include the expense of employing counsel, except when so provided by contract or statute, which is not the case here.

This is the general law of the land. 25 C.J.S. *Damages* § 50. Fraud and deceit, to be actionable, must be accompanied by some injury or damage which was proximately caused by the fraud. *O'Quinn v. Beach Associates*, 272 S. C. 95, 249 S. E. (2d) 734 (1978). For punitive damages to be awarded there must be an award for actual damages. *Carroway v. Johnson*, 245 S. C. 200, 139 S. E. (2d) 908 (1965).

If Alexander has a cause of action against Prickett for malicious prosecution arising from the cross-complaint, the rule might well be different, but this question is not now presented.

We have carefully reviewed the record; Alexander personally suffered no compensable actual damages; the verdict must be set aside. It is so ordered.

Reversed.

SANDERS, C. J., and BELL, J., concur.