586 S.E.2d 128

**COLLINS MUSIC CO., INC., Respondent/Appellant,**

v.

**FMW CORPORATION, Bob Finney, F.M. Witt, James R. Munn and Farmers and Merchants Bank, Defendants,**

**of whom James R. Munn is the Appellant/Respondent.**

No. 25703.

Supreme Court of South Carolina.

Heard March 18, 2003.

Decided Aug. 25, 2003.

M.M. Weinberg, Jr., and M.M. Weinberg, III, of Weinberg, Brown, and Curtis, both of Sumter, for Appellant–Respondent.

David Wesley Whittington, of Charleston; Desa A. Ballard, of West Columbia, and Philip Lacy, of Columbia, for Respondent–Appellant.

Chief Justice TOAL.

This case involves a cross appeal of the trial judge's grant of a judgment notwithstanding the verdict in favor of Collins Music Company ("Collins") because the Appellant/Respondent, James R. Munn ("Munn"), could not prove actual compensable damages in his claim of fraud.

### FACTUAL/PROCEDURAL BACKGROUND

In February of 1987, FMW Corporation ("FMW") issued a note and mortgage to Collins in the principal sum of $50,000. The debt was to be repaid in one year and was secured by certain real property. FMW used the proceeds of the check to renovate its truck stop. While Bob Finney ("Finney"), F.M. Witt ("Witt"), and Munn admit that they signed and personally guaranteed the FMW note and mortgage, they testified that Collins never intended that they pay back the note. Instead, they testified that the $50,000 represented an advancement on the future proceeds that Collins' video poker machines would generate, and the note and mortgage were to provide security that its machines would remain at the truck stops. Collins' agent testified that he never promised to forgive the obligation on the note.

In 1989, Collins entered into a Coin Machine Lease Agreement with Munn and FMW, which does not refer to the 1987 note and mortgage but does contain an integration provision. The integration clause states that the agreement "contains all agreements of the parties, there being no other reservations or understandings."

Collins brought this action to collect on the 1987 note and mortgage. In their answer, Finney,[1] Witt, and Munn asserted fraud as an affirmative defense and counterclaimed asserting that Collins fraudulently induced them to personally guarantee the note and mortgage. The jury returned a verdict for Finney, Munn, and Witt on the fraud counterclaim awarding each of the three parties $1.00 in nominal damages and $200,000 in punitive damages. FMW was not awarded any damages.

The trial judge granted Collins' motion for JNOV, finding that Witt, Munn, and Finney had not established a cause of action for fraud since they did not prove actual damages—an essential element of a fraud claim. In addition, the judge also concluded that Collins could not recover on its breach of contract cause of action since the jury found for Witt, Munn, and Finney on its affirmative defense to fraud.[2] Both parties have appealed raising the following issue:

I. Did the trial judge err in granting Collins' JNOV motion on Witt, Finney and Munn's fraud counterclaim on the basis that they could not establish a fraud cause of action since they failed to show they suffered actual damages resulting from the alleged misrepresentation?

### Law/Analysis

■ Upon appellate review of an action at law tried by a jury, the jury's findings of fact will not be disturbed unless the reviewing tribunal determines that no evidence in the record supports the jury's conclusion. *Townes Associates Limited v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976).

### I. Actual Damages

■ Munn argues that the trial judge erred in setting aside the verdict on their counterclaim for fraud on the grounds that they failed to establish actual damages. We disagree.

1. Finney had passed away, and his estate was substituted as a party.

2. The judge ruled in Witt, Munn, and Finney's favor based on the following principle: "where fraud is merely set up as a defense and compensation by way of damages is not sought, it has been held that damage need not be proved." *Daniels v. Coleman*, 253 S.C. 218, 226–227, 169 S.E.2d 593, 597 (1969) (citation omitted).

A determination of the presence of actual damages in this case is controlled by our analysis in *Daniels,* 253 S.C. 218, 169 S.E.2d 593. In *Daniels,* the plaintiffs' brother and father owed the defendant a sizeable debt. The plaintiffs' father conveyed his $75,000 to $100,000 farm to the plaintiffs for $5.00 and love and affection. The defendant, who became angered by this transaction, sought to settle a portion of the outstanding debt with the plaintiffs. The parties negotiated a settlement where the plaintiffs executed a $20,000 note, secured by a mortgage on the farm to the defendant, and the defendant agreed to release the father from any debt obligation and to restructure the brother's obligation by reducing the interest rate. *Id.* at 222–223, 169 S.E.2d at 595.

The plaintiffs signed the note, but the parties had not agreed to the provisions of the release when the defendant surreptitiously "took" the note and mortgage from the plaintiffs' attorney's office and attempted to record the mortgage. The defendant had not attempted to collect on the debt when the plaintiffs filed an action for fraud. The jury returned a verdict for the plaintiffs, declaring the note and mortgage null and void and granting $17,000 of punitive damages for the fraud action. *Id.* at 223–224, 169 S.E.2d at 595–596.

This Court reversed, finding that the plaintiffs did not prove that they suffered any actual damages. The Court analyzed a line of cases that suggested that damages are inherently embedded within one's obligation on a promissory note. *See Nipper v. Griffin Mercantile Co.,* 31 Ga.App. 211, 120 S.E. 439 (1923); *Planters' Bank & Trust Co., v. Yelverton,* 185 N.C. 314, 117 S.E. 299 (1923): *See also* 91 A.L.R.2d 346, 354 (1963). The Court held that while the potential damages associated with a promissory obligation are sufficient to establish the damage element of the affirmative defense to fraud, they are insufficient to establish the actual pecuniary damages element of a fraud claim. *Id.* at 226–227, 169 S.E.2d at 597.

The *Daniels* Court reasoned that when fraud is asserted as an affirmative defense to a breach of contract action, the defendant is exposed to a threat of loss in that the plaintiff might prevail on the breach of contract and subject the defendant to liability on the obligation. *Id.* The *Daniels* Court distinguished the threat of loss concept from the actual loss

element that was necessary for the plaintiffs to prevail on their fraud claim and held that the plaintiffs had suffered no pecuniary loss resulting from defendant's questionable actions in procuring the note and mortgage. *Id.*

The present case closely resembles the *Daniels* case. Here, Witt, Finney, and Munn could successfully defend against Collins' breach of contract action because there was a threat of damages if Collins prevailed. If Collins' prevailed, Witt, Finney, and Munn would be stuck with a sizeable judgment against them for $50,000 plus interest.

In our opinion, the trial judge correctly ruled that the jury found that Witt, Finney, and Munn prevailed on the fraud affirmative defense since they could establish the threat of damages. Consequently, their obligation on the note and mortgage was terminated. As to their fraud claim, they could not establish any actionable, out-of-pocket damages because the only threat of damages to which they were subjected was the potential liability on the note and mortgage. Further, any expenses that Witt, Finney or Munn may have incurred in defending this action do not fall within the ambit of fraud damages. This Court has stated,

Where the rights, or asserted rights, of parties are in conflict, it is inevitable that each party desiring to protect his rights must give time and attention to that end. To do so is not generally an element of damage, although it may be in some situations where loss of earnings is involved, which is not the case here.

Nor do recoverable damages include the expense of employing counsel, except when so provided by contract or statute, which is not the case here.

This is the general law of the land.

*Rimer v. State Farm Mutual Automobile Insurance Company,* 248 S.C. 18, 27, 148 S.E.2d 742, 746 (1966) (citing *25 C.J.S. Damages* § 50); *see also Prickett v. A & B Electrical Service, Inc.,* 280 S.C. 123, 311 S.E.2d 402 (Ct.App.1984) (finding that expenses incurred defending a cross-complaint are not considered consequential damages, so without evidence of other actual damages, fraud cannot be proved).

The trial judge correctly held that the threat of damages allowed Witt, Finney, and Munn to prevail on their affirmative

defense to Collins' breach of contract claim, and their obligation on the note and mortgage was extinguished. However, we find that the threat of loss on the breach of contract action, which was not a pecuniary loss to which Witt, Finney and Munn were subjected prior to the cause of action, is not a form of actual damages that is contemplated by the fraud cause of action. Therefore, we hold that the trial judge's grant of JNOV in setting aside the award of punitive damages was appropriate.

## CONCLUSION

For the forgoing reasons, we **AFFIRM** the trial court's decision to grant a JNOV.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.